**BROWN v. HIATT, Warden.**

No. 2320.

United States District Court
N. D. Georgia
Atlanta Division.

Nov. 17, 1948.

648

Walter G. Cooper, of Atlanta, Ga., for petitioner.

J. Ellis Mundy, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga., and Eugene M. Caffey, Col. Jagd, and H. M. Peyton, Lt.Col. Jagd, both of Fort McPherson, Ga., for respondent.

UNDERWOOD, District Judge.

On January 14, 1947, petitioner was, after trial and conviction, sentenced by a General Court-Martial sitting at Mannheim, Germany, to life imprisonment upon the charge of murder.

The finding of guilty was by a two-thirds vote of the members present and the sentence was imposed by a vote of three-fourths of the members of the Court present at the time the vote was taken. The findings and sentence were duly approved by the Board of Review and the sentence was later reduced to a term of twenty years.

Petitioner alleges as grounds for writ of habeas corpus that the Court-Martial was without jurisdiction and its sentence void because the Court was not legally constituted; that the sentence of the Court was invalid because based upon finding of guilty by only two-thirds instead of three-fourths of the members of the Court, and because the pretrial investigation was not thorough and impartial as required by the 70th Article of War, 10 U.S.C.A. § 1542; that petitioner was, not afforded effective assistance of counsel; that the only pretrial investigation made was that under the charge of manslaughter and not of murder; and that the only investigation made by the duly appointed investigator was not based upon his own investigation but upon statements previously procured by others.

The first ground raises the crucial question in this case. It is contended that the Court was not legally constituted because the law member thereof was not an officer of the Judge Advocate General's office as required by the 8th Article of War, 10 U. S.C.A. § 1479.

This Article contains the following provision:

"The authority appointing a general court-martial shall detail as one of the members thereof a law member, who shall be an officer of the Judge Advocate General's Department, except that when an officer of that department is not available for the purpose the appointing authority shall detail instead an officer of some other branch of the service selected by the appointing authority as specially qualified to perform the duties of law member. The law member, in addition to his duties as a member, shall perform such other duties as the President may by regulations prescribe."

The record shows that the member of the court designated as law member was not an officer of the Judge Advocate General's Department. The order establishing the Court-Martial shows on its face that Captain Jack H. Chalkley, who was detailed as Assistant Trial Judge Advocate, was an officer of the Judge Advocate General's Department.

A court-martial is purely a creature of the statute and has only such powers as delegated to it by the statute. There is no presumption of jurisdiction in its favor, and unless constituted as provided by law, is not a legal court and has no jurisdiction to try offenders brought before it.

Restrictions on the jurisdiction of courts-martial have been repeatedly emphasized by the United States Supreme Court, as will be seen from the following quotations:

"But, the court-martial being a special statutory tribunal, with limited powers, its

judgment is open to collateral attack, and unless facts essential to sustain its jurisdiction appear, it must be held not to exist." Collins v. McDonald, 258 U.S. 416, 418, 42 S.Ct. 326, 327, 66 L.Ed. 692.

"Undoubtedly courts-martial are tribunals of special and limited jurisdiction whose judgments, so far as questions relating to their jurisdiction are concerned, are always open to collateral attack. True, also, is it that in consequence of the limited nature of the power of such courts the right to have exerted their jurisdiction, when called in question by collateral attack, will be held not to have existed unless it appears that the grounds which were necessary to justify the exertion of the assailed authority existed at the time of its exertion and therefore were or should have been a part of the record." Givens v. Zerbst, 253 U.S. 11, 19, 41 S.Ct. 227, 229, 65 L.Ed. 475.

"To give effect to its sentences, it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with; and that its sentence was conformable to law. Dynes v. Hoover, 20 How. 65, 80 [15 L.Ed. 838]; Mills v. Martin, 19 Johns. [N.Y. 7], 33. There are no presumptions in its favor so far as these matters are concerned. As to them, the rule announced by Chief Justice Marshall in Brown v. Keene, 8 Pet. 112, 115 [8 L.Ed. 885], in respect to averments of jurisdiction in the courts of the United States, applies. His language is: 'The decisions of this court require that averment of jurisdiction shall be positive; that the declaration shall state expressly the facts on which jurisdiction depends. It is not sufficient that jurisdiction may be inferred argumentatively from its averments.' All this is equally true of the proceedings of courts-martial. Their authority is statutory, and the statute under which they proceed must be followed throughout. The facts necessary to show their jurisdiction, and that their sentences were conformable to law, must be stated positively; and it is not enough that they may be inferred argumentatively." Runkle v. United States,

122 U.S. 543, 556, 7 S.Ct. 1141, 1146, 30 L. Ed. 1167.

It will be observed that the Supreme Court, in the Runkle case, supra, held expressly that "it must appear affirmatively and unequivocally that the court was legally constituted." 122 U.S. page 556, 7 S.Ct. page 1146.

In McClaughry v. Deming, 186 U.S. 49, 22 S.Ct. 786, 46 L.Ed. 1049, the Supreme Court say, "A court-martial is the creature of statute, and, as a body or tribunal, it must be convened and constituted in entire conformity with the provisions of the statute, or else it is without jurisdiction." 186 U.S. page 62, 22 S.Ct. page 791. "To give effect to its sentences it must appear affirmatively and unequivocally that the court was legally constituted; that it had jurisdiction; that all the statutory regulations governing its proceedings had been complied with, and that its sentence was conformable to law. * * * There are no presumptions in its favor, so far as these matters are concerned. * * * The fact necessary to show their jurisdiction, and that their sentences were conformable to law must be stated positively; and it is not enough that they may be inferred argumentatively." 186 U.S. page 63, 22 S.Ct. page 792.

Congress evidently felt, especially in serious cases like the present one, that it was necessary for the protection of the accused and also of the public interest, that a lawyer, with the experience derived from service in the Judge Advocate General's Department, should sit in every court-martial case and expressly made this a condition precedent to the validity of such court-martial, except in the single instance where such officer was not available. No discretion whatever was given the appointing authority where such an officer was available. Where, as here, the record shows that such officer was not only available but was actually appointed to another position on the court, and no reason whatever is shown by the record or extrinsic evidence why he was not detailed as the law member, there is a direct violation of one of the most important requirements of the law for the establishment of a legal court-martial.

650

Since the law requires that jurisdictional facts must affirmatively appear, either by the order establishing the court, or by extrinsic evidence in order to establish the jurisdiction of the court-martial, the burden of proving such facts rests upon the party asserting the existence of such necessary jurisdictional facts. Ver Mehren v. Sirmyer, 8 Cir., 36 F.2d 876, 880. See also, Givens v. Zerbst, supra.

Finding as I do that the appointment of an officer of the Judge Advocate General's Department as the law member of the court was an essential jurisdictional fact and that it does not appear from the order establishing the court-martial or by any other evidence that such officer was not available, but on the other hand, that the order shows that such officer was available, I conclude that the court-martial was illegally constituted and therefore had no jurisdiction over the person or offense and that petitioner should be discharged.

This conclusion determines the case, but I will add that the record establishes the fact that the 70th Article of War, 10 U.S.C.A. § 1542, was substantially complied with in the pretrial investigation as was also the 43rd Article of War, 10 U.S. C.A. § 1514. With respect to the latter, it will be noted that in this case, while the death penalty might have been imposed, it was not mandatory and that therefore the vote of "three-fourths of all of the members present at the time the vote is taken" concurring was sufficient to support the sentence, although the finding of guilty was by a vote of two-thirds of the members present. Stout v. Hancock, 4 Cir., 146 F. 2d 741, certiorari denied 325 U.S. 850, 65 S.Ct. 1086, 89 L.Ed. 1971. The other grounds for habeas corpus alleged are without merit.

Whereupon, it is considered, ordered and adjudged that the writ of habeas corpus be, and the same hereby is, sustained, and that respondent discharge petitioner from custody at the end of twenty (20) days from this date, unless a further supersedeas be granted by this Court, such delay being allowed to afford opportunity for appeal if desired.