# HIATT, WARDEN, *v.* BROWN.

No. 359.   Argued February 6–7, 1950.—Decided March 13, 1950.

104

*Stanley M. Silverberg* argued the cause for petitioner. With him on the brief were *Solicitor General Perlman, James M. McInerney, Robert S. Erdahl, Philip R. Monahan* and *Israel Convisser.*

*Walter G. Cooper* argued the cause and filed a brief for respondent.

MR. JUSTICE CLARK delivered the opinion of the Court.

Respondent, while serving as an enlisted soldier in the United States Army in Germany, was convicted by a general court-martial of committing murder on December 25, 1946, in violation of the 92d Article of War, 41 Stat. 805, 10 U. S. C. § 1564. The sentence imposed was dishonorable discharge, forfeiture of all pay and allowances, and life imprisonment, which was reduced to twenty years upon recommendation of the Judge Advocate General. On petition for a writ of habeas corpus, the District Court for the Northern District of Georgia ordered respondent discharged from the federal penitentiary in Atlanta, 81 F. Supp. 647 (1948), and the Court of Appeals for the Fifth Circuit affirmed, one judge dissenting. 175 F. 2d 273 (1949). Both the District Court and the Court of Appeals concluded that the military tribunal which convicted respondent was improperly constituted and lacked jurisdiction of the offense. The Court of Appeals held further that the record was "replete with highly prejudicial errors and irregularities" which deprived respondent of due process of law under the Fifth Amendment and afforded an independent ground for sustaining the writ. We brought the case here, on petition of the warden having custody of respondent, in view of the

importance of the decision below in the administration of military justice. 338 U. S. 890 (1949). Our jurisdiction to review the judgment of the Court of Appeals is under 28 U. S. C. § 1254 (1).[1]

Respondent was tried in Germany on January 9 and 14, 1947, before a general court-martial which had been appointed by order of the commanding general of the Continental Base Section, European Theatre, on December 7, 1946. The detail appointed was comprised of a trial judge advocate and two assistant trial judge advocates, defense counsel and two assistant defense counsel, the law member and twelve other officers. The ranking officer of the detail, a colonel of the Field Artillery with twenty-five years of commissioned service, was appointed law member. The only member of the detail appointed from the Judge Advocate General's Department was a captain who was designated an assistant trial judge advocate.[2] He was absent from respondent's trial on verbal orders of the commanding general.

The Court of Appeals determined that under these circumstances the court-martial had been appointed in disregard of the 8th Article of War, 41 Stat. 788, 10 U. S. C. § 1479. The relevant provision of this article

---

[1] Respondent contends that this Court lacks jurisdiction to review a court of appeals' judgment ordering discharge of a prisoner or affirming such an order, in view of the omission from revised Title 28 of any provision comparable to former § 463c which expressly authorized review of such judgments on certiorari. We think this contention is without merit in view of the broad provision of § 1254 that "Cases in the courts of appeals may be reviewed by the Supreme Court . . . (1) By writ of certiorari granted upon the petition of any party to any civil or criminal case . . . ."

[2] The Court of Appeals stated in its opinion that two officers of the Judge Advocate General's Department were appointed to the detail. However, the record indicates that only one of those mentioned below was appointed from that department.

as in force at the time of respondent's trial is set forth in the margin.[3]  The article was interpreted by the Court of Appeals as requiring, "certainly in times of peace, that the presence of a duly qualified law member from the Judge Advocate General's Department be made a jurisdictional prerequisite to the validity of such court-martial proceeding, except in the single instance where such officer is actually, and in fact, 'not available.' "  175 F. 2d at 276.  The Court of Appeals held that the availability of a law member from the Judge Advocate General's Department was conclusively indicated by the order detailing an officer from that department in another capacity without any explanation.  Thus the court concluded that the proceeding was void.

We are unable to agree with the Court of Appeals that this record discloses any disregard of the 8th Article of War in the appointment of the tribunal which convicted respondent.

Under the interpretation placed on the 8th Article by the court below, an officer from the Judge Advocate General's Department was "available" for appointment as law member if he was appointed on the detail in another capacity and nothing otherwise appeared to negative his availability as law member.  The article has been construed differently by the Court of Appeals for the Second Circuit in *Henry* v. *Hodges,* 171 F. 2d 401 (1948).  In

---

[3] "The authority appointing a general court-martial shall detail as one of the members thereof a law member, who shall be an officer of the Judge Advocate General's Department, except that when an officer of that department is not available for the purpose the appointing authority shall detail instead an officer of some other branch of the service selected by the appointing authority as specially qualified to perform the duties of law member. . . ."  41 Stat. 788, 10 U. S. C. § 1479.  The 8th Article was amended substantially in 1948, 62 Stat. 628–629.  See note 5, *infra.*

108

that case, in which the interpretative issue was similarly raised on petition for habeas corpus, one officer from the Judge Advocate General's Department had been appointed trial judge advocate and a second designated counsel for another accused. The court through Judge Learned Hand declared:

> "There remains the . . . question . . . whether any member of the Judge Advocate General's Department was 'available' at the time. We cannot say that it was not more in the interest of justice to detail Beatty to defend Feltman than to put him on the court; or that it was not better judgment to make Swan a prosecutor than a judge . . . . The whole question is especially one of discretion; and, if it is ever reviewable, certainly the record at bar is without evidence which would justify a review. The commanding officer who convenes the court must decide what membership will be least to the 'injury of the service,' and what officers are 'available.' 'Available' means more than presently 'accessible'; it demands a balance between the conflicting demands upon the service, and it must be determined on the spot." 171 F. 2d at 403.

We agree with the latter interpretation that the availability of an officer as law member was intended by Congress to be a matter within the sound discretion of the appointing authority. Ordinarily the "availability" of military personnel who are subject to assignment by an appointing authority is understood to depend upon a discretionary determination by the superior. *Cf. Kahn* v. *Anderson,* 255 U. S. 1 (1921); *Swaim* v. *United States,* 165 U. S. 553 (1897); *Mullan* v. *United States,* 140 U. S. 240 (1891); *Martin* v. *Mott,* 12 Wheat. 19 (1827). Moreover, the phrase adopted in the 8th Article, "available *for the purpose,*" expresses a clear intent that the concept of availability

should include the exercise of discretion by the appointing authority.[4]

The 8th Article has also been consistently interpreted and applied by the Army as vesting a discretion in the appointing authority, which when exercised is conclusive in determining not only the accessibility of personnel but also the suitability of the officer detailed as the law member of a general court-martial. CM 231963, *Hatteberg,* 18 B. R. 349, 366–369 (1943); CM ETO 804, *Ogletree,* 2 B. R. (ETO) 337, 346 (1943); CM 209988, *Cromwell,* 9 B. R. 169, 196 (1938); Digest of Opinions of The Judge Advocate General (1912–1940) § 365 (9). This established interpretation is entitled to great weight in our determination of the meaning of the article. *Cf. United States ex rel. Hirshberg* v. *Cooke,* 336 U. S. 210, 216 (1949).

The exercise of the discretion thus conferred on the appointing authority may be reviewed by the courts only if a gross abuse of that discretion would have given rise to a defect in the jurisdiction of the court-martial.[5] How-

---

[4] The relevant legislative history of the provision of the 8th Article relating to the law member supports this interpretation. Prior to the adoption of the 8th Article of War in 1920, military law did not provide for the service of a law member on a court-martial. Under the impetus for reform following World War I, the original draft of what became the 8th Article provided that every general court-martial should have a judge advocate whose duties were to be similar to those of the "law member," as finally provided for. The proposed Article would have provided further that such judge advocate of the court be a member of the Judge Advocate General's Department or an officer whose qualifications were approved by the Judge Advocate General. Hearings on S. 64, Subcommittee of the Senate Committee on Military Affairs, 66th Cong., 1st Sess., p. 5. The proposed Article was, however, abandoned for the provisions of the 8th Article. See 18 B. R. 349, 366–367 (1943).

[5] The 8th Article of War, as in force since February 1, 1949, expressly imposes as a jurisdictional requirement that the law member be an officer from the Judge Advocate General's Department or an officer whose qualification for such detail has been certified by the Judge Advocate General. 62 Stat. 628–629.

ever, we need not determine at this time whether the provision of the 8th Article relied upon below imposed a requirement going to the jurisdiction of the court-martial, for nothing in the record here involved indicates that the discretion of the appointing authority was improperly exercised. Clearly no abuse is disclosed by the appointment of an officer from the Judge Advocate General's Department to a capacity other than law member on the detail, or by reassignment of that officer to other duty at the time of trial, or by the standard of competence in legal matters shown by the law member at the trial.

The Court of Appeals also concluded that certain errors committed by the military tribunal and reviewing authorities had deprived respondent of due process.[6] We think the court was in error in extending its review, for the purpose of determining compliance with the due process clause, to such matters as the propositions of law set forth in the staff judge advocate's report, the sufficiency of the evidence to sustain respondent's conviction, the adequacy of the pretrial investigation, and the competence of the law member and defense counsel. *Cf.*

---

[6] The following instances of error in the military proceedings were cited by the Court of Appeals:

"(1) Accused was convicted on the theory that although he was on duty as a sentry at the time of the offense, it was incumbent upon him to retreat from his post of duty.

"(2) Accused has been convicted of murder on evidence that does not measure to malice, premeditation, or deliberation.

"(3) The record reveals that the law member appointed was grossly incompetent.

"(4) There was no pre-trial investigation whatever upon the charge of murder.

"(5) The record shows that counsel appointed to defend the accused was incompetent, gave no preparation to the case, and submitted only a token defense.

"(6) The appellate reviews by the Army reviewing authorities reveal a total misconception of the applicable law." 175 F. 2d at 277.

*Humphrey* v. *Smith,* 336 U. S. 695 (1949). It is well settled that "by *habeas corpus* the civil courts exercise no supervisory or correcting power over the proceedings of a court-martial . . . . The single inquiry, the test, is jurisdiction." *In re Grimley,* 137 U. S. 147, 150 (1890). In this case the court-martial had jurisdiction of the person accused and the offense charged, and acted within its lawful powers. The correction of any errors it may have committed is for the military authorities which are alone authorized to review its decision. *In re Yamashita,* 327 U. S. 1, 8–9 (1946); *Swaim* v. *United States, supra,* 165 U. S. at 562.

It results that the judgment is

*Reversed.*

MR. JUSTICE DOUGLAS took no part in the consideration or decision of this case.

MR. JUSTICE BURTON, concurring.

I concur on the ground that the clause in the 8th Article of War, which deals with the availability of an officer of the Judge Advocate General's Department and is here at issue, is purely directory, and not jurisdictional. The 8th Article, in any event, calls for the appointment as the law member of a general court-martial of an officer meeting certain specifications. He must be either an officer of the Judge Advocate General's Department or he must be selected by the appointing authority as specially qualified for his duties. The unavailability of an officer of the Judge Advocate General's Department merely opens the field of eligibility to other branches of the service.

It may be assumed that, when the general court-martial involved in this case was appointed, it was a jurisdictional requirement that there be a law member appointed to it. It also may be assumed that it was a jurisdictional

requirement that, if the appointing authority determined that no officer of the Judge Advocate General's Department was then *"available for the purpose,"* such authority was restricted to the appointment of "an officer of some other branch of the service selected by [him] . . . *as specially qualified to perform the duties of law member."* (Emphasis supplied.) If the officer who was appointed met neither requirement, it may be assumed that the court-martial would have been without jurisdiction. If, however, as in this case, it is not questioned that the law member met the second requirement, I believe that we should not permit a review here of the discretion used by the appointing authority in determining the preliminary administrative question of whether or not an officer of the Judge Advocate General's Department was "available for the purpose." We should not permit it, even if it is alleged that the appointing authority's discretion in this regard was grossly abused. That detail was a matter within his administrative responsibility and should not be available as a basis for collateral attack upon the jurisdiction of an otherwise qualified and competent general court-martial.