**BARRETT v. STEELE, Warden.**

No. 14032.

United States Court of Appeals
Eighth Circuit.

April 26, 1950.

James H. Keet, Springfield, Mo., for appellant.

Sam O. Hargus, Assistant United States Attorney, Kansas City, Mo. (Sam M. Wear, United States Attorney, Kansas City, Mo., with him on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying the appellant's petition for a writ of habeas corpus. The appellant is in the appellee's custody under a sentence of imprisonment for five years. The sentence was imposed by a general court-martial, which convicted the appellant of embezzlement of postal funds in his custody while he was a Second Lieutenant in charge of an Army Post Office in Germany.

The appellant asserts, in substance: (1) that the Trial Judge Advocate, in his opening statement at the trial, placed the burden of proof upon the appellant, and that this error was not corrected; (2) that there was a complete failure of proof of appellant's guilt; and (3) that he was denied due process because the Trial Judge Advocate refused to consent to a separate trial of an-

other offense which the appellant was charged with having committed.

■ The record shows that, at the opening of the trial, the Trial Judge Advocate stated, in effect, that it was incumbent upon the prosecution to show that the appellant had fraudulently converted funds entrusted to him; that the prosecution would show that the appellant had been entrusted with certain funds, and that there was a discrepancy between what he was accountable for and what he had on hand at the time a final inventory was taken of funds and stamps on hand. The Trial Judge Advocate then said: " * * * It is not a burden of the prosecution to show what use the accused made of the money. The burden of the proof thereupon shifts upon the accused to satisfactorily explain to the court what happened to the funds which are lacking. * * * " This was saying little more than that when the prosecution had produced evidence of a shortage in the appellant's accounts, it would contend that it had made a prima facie case of guilt. But if the statement be given the construction for which the appellant contends, there is nothing in the record to indicate that the court was misled by it or that it placed upon appellant the burden of establishing his innocence. The presumption would be to the contrary.

■ The other contentions of the appellant, we think, merit no discussion. The case is ruled by the opinion of the Supreme Court in Hiatt v. Brown, 339 U.S. 103, at page 111, 70 S.Ct. 495, at page 498, in which it was said: " * * * It is well settled that 'by habeas corpus the civil courts exercise no supervisory or correcting power over the proceedings of a court-martial * * * The single inquiry, the test, is jurisdiction.' In re Grimley, 1890, 137 U.S. 147, 150, 11 S.Ct. 54, 34 L.Ed. 636. In this case the court-martial had jurisdiction of the person accused and the offense charged, and acted within its lawful powers. The correction of any errors it may have committed is for the military authorities which are alone authorized to review its decision. In re Yamashita, 1946, 327 U.S. 1, 8-9, 66 S.Ct. 340, 344, 345, 90 L.Ed. 499; Swaim v. United States, supra, 1897, 165 U.S. 553, at page 562, 17 S.Ct. 448, at page 451, 41 L.Ed. 823."

The order appealed from is affirmed.