## ROUGHT v. STEELE.

### No. 14085.

United States Court of Appeals
Eighth Circuit.

Sept. 8, 1950.

Appellant submitted brief pro se.

Sam M. Wear, United States Attorney, and Harry F. Murphy, Assistant United States Attorney, Kansas City, Mo., submitted brief for appellee.

Before JOHNSEN, RIDDICK and STONE, Circuit Judges.

PER CURIAM.

Appellant is confined in the Medical Center for Federal Prisoners at Springfield, Missouri, under sentence of conviction by a general court-martial, for assault with intent to commit murder and for robbery, in the occupation zone of Germany, in violation of the 93rd Article of War, 10 U.S. C.A. § 1565. He sought to obtain his release by habeas corpus, which the district court denied after a hearing.

His contention here is that the court-martial proceedings were void, as violative of Articles of War 70, 10 U.S.C.A. § 1542, in that (1) the charges were referred for trial without a thorough and impartial investigation; (2) he did not have a full opportunity to cross-examine witnesses against him at any such investigation; and (3) the charges were forwarded for trial without being accompanied by a statement of the substance of the testimony taken.

The grounds of appellant's contention would appear to be without actual basis in fact, at least in part, for in the record of the court-martial proceedings there is shown a pretrial investigation report in which the following official statement is made: "The substance of the expected testimony of the following named witnesses either in oral or written form was made known to the accused who stated he did not desire to cross-examine such witnesses and therefore the same were not called or examined in the presence of the accused."

But even if it were possible for the verity of the official record to have been overcome by appellant's petition and testimony, the defects claimed as to the preliminary investigation would not have entitled him to a release. The Supreme Court has specifically held that failure to comply with the requirements of Articles of War 70 as to a preliminary investigation "does not de-

prive general courts-martial of jurisdiction so as to empower courts in habeas corpus proceedings to invalidate court-martial judgments." Humphrey v. Smith, 336 U.S. 695, 700, 69 S.Ct. 830, 833, 93 L.Ed. 986. See also Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. —.

Affirmed.