UNITED STATES, Appellee

v.

LEXIE J. DAVIS, Private, U. S. Army, Appellant

1 USCMA 102, 2 CMR 8

No. 29

Decided January 11, 1952

1ST LT. Thomas E. Cole, USA, for Appellant.
MAJ. Augustus A. Marchetti, USA, for Appellee.

## Opinion of the Court

PAUL W. BROSMAN, Judge:

The accused was tried at a Korean station on May 5, 1951, under specifications alleging two absences without leave, in violation of Article of War 61, 10 USCA § 1533. The court-martial's trial judge advocate was Capt. Matthew J. Ringer, and Davis was defended by Capt. John P. Heaver, as defense counsel, and 1st Lt. Glenn E. Turner, as assistant defense counsel. All of these persons were Field Artillery officers, and appended to the record are certificates reflecting that none of them was a member of the bar of a federal court or of the highest court of a state of the United States. The accused was found guilty of both lengthy unauthorized absences and sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances to become due after the date of the order directing the execution of the sentence, and to be confined at hard labor for twenty-five years. The sentence as imposed was approved by the convening authority on May 28, 1951, and the record forwarded for further action in the Office of The Judge Advocate General, United States Army. There it was considered by a board of review, which, on July 13, 1951, handed down its opinion affirming the findings of guilty but reducing the period of confinement to ten years. The case is before us on petition for review granted on September 20, 1951, pursuant to the provisions of the Uniform Code of Military Justice, Article 67(b) (3) (Act of 5 May 1950, 64 Stat 108, 50 USC §§ 551-736). The order granting review was expressly limited by us to the following issue: whether the record must affirmatively show in this case that a member of the Judge Advocate General's Corps, or an officer admitted to the bar of a federal court or of the highest court of a state of the United States, was not available for appointment as defense counsel pursuant to the provisions of Article of War 11, 10 USCA § 1482. Accordingly this is the sole question for our determination at this time.

**103**

The problem before us requires an examination of the provisions of the Articles of War and the Manual for Courts-Martial, 1949, having to do with the appointment of counsel for service in the prosecution and defense of court-martial cases. Article of War 11, 10 USCA § 1482, provides in pertinent part as follows:

"For each general or special court-martial the authority appointing the court shall appoint a trial judge advocate and a defense counsel, and one or more assistant trial judge advocates and one or more assistant defense counsel when necessary: Provided, That the trial judge advocate and defense counsel of each general court-martial shall, if available, be members of the Judge Advocate General's Corps or officers who are members of the bar of a Federal court or of the highest court of a State of the United States. . . ."

With respect to the selection of the trial judge advocate the Manual for Courts-Martial, 1949, provides in paragraph 41a that:

"The trial judge advocate of a general court-martial shall, if available, be a member of the Judge Advocate General's Corps or an officer who is a member of the bar of a Federal court or of the highest court of a state of the United States (6; AW 11). Within the meaning of Article 11, determination of the availability of members of the Judge Advocate General's Corps or of members of Federal or State bars rests exclusively within the discretion of the appointing authority and his determination shall be final."

No similar provision with respect to defense counsel is found in the Manual for Courts-Martial, 1949, and the only relevant requirement on the subject is found in paragraph 43a thereof:

"In any case in which the appointed trial judge advocate is a member of the Judge Advocate General's Corps or of the bar of a Federal court or the highest court of a State of the United States, the appointed defense counsel must be an officer

who is similarly qualified. Although the trial judge advocate may be an officer of the Judge Advocate General's Corps, the defense counsel need not be an officer of such Corps, provided he is a member of the bar of a Federal court or the highest court of a State of the United States. . . ."

The situation dealt with in the immediately foregoing quotation is not present in the case at bar for, as indicated above, the trial judge advocate was neither a member of the Judge Advocate General's Corps nor a member of any bar. Although the record does not reflect whether 1st Lt. Grant K. Wallquist, on orders as assistant trial judge advocate of the court-martial which tried the accused, is a lawyer, it does appear that he was not a member of the Judge Advocate General's Corps —and in any event he was excused from service at the trial by verbal order of the Commanding General and took no part in the proceedings.

In view of the unqualified language of Article of War 11, 10 USCA § 1482, because of the Manual's ▮▮▮▮▮▮▮▮ failure to distinguish between prosecution personnel and defense counsel for this purpose, and since we can perceive no persuasive logical or policy basis for such a distinction, we hold equally applicable to defense personnel the language of 41a above physically related to the Manual's treatment of the trial judge advocate. That is to say, ▮▮▮▮▮▮▮▮ we hold as to defense counsel that, subject to the possibility of judicial review for abuse, the "determination of the availability of members of the Judge Advocate General's Corps or of members of Federal or State bars rests exclusively within the discretion of the appointing authority and his determination shall be final." It follows, therefore, that in the absence of any indication whatever to the contrary we must assume that the discretion conferred on the Commanding General of the 1st Cavalry Division was properly exercised in the instant case and that the trial of the accused in this respect was carried out in full compliance with the provisions

of Article of War 11, 10 USCA § 1482, and related sections of the Manual for Courts-Martial, 1949.

It is recognized that this conclusion does not expressly—or even necessarily—answer the specific ▉▉▉▉▉ ▉ question before us. As a matter of sheer logic, we suppose, it may be argued, without alleging an actual abuse of discretion on the part of the appointing authority, that the record is defective in that it wants a positive showing of unavailability of qualified personnel. In fact, we understand this to be the exact position of appellate defense counsel when, without suggesting availability, he argues for the necessity of including a certificate of unavailability. We shall now proceed to a consideration of this contention of appellate defense counsel. Although roles are played by executive orders, service regulations, and customary law, it is well established that matters relating to the organization and administration of courts-martial are governed primarily by enactments of the Congress. In Whelchel v. McDonald, 340 US 122, 127, 95 L ed 141, 71 S Ct 146, the Supreme Court announced that:

"The constitution of courts-martial, like other matters relating to their organization and administration . . . , is a matter appropriate for congressional action."

And in Carter v. McClaughry, 183 US 365, 386, 46 L ed 236, 22 S Ct 181, Mr. Chief Justice Fuller said:

"The law governing courts-martial is found in the statutory enactments of Congress, particularly the Articles of War; in the Army Regulations; and in the customary military law."

It is, therefore, appropriate to look to these sources, together with others, for any requirement that an affirmative showing of unavailability of counsel qualified from a formal-technical point of view must be present in the record of a case like the one at bar. We are aware of no congressional mandate to such an effect. The careful brief submitted by appellate defense counsel does not disclose the existence of any relevant order, regulation, or military practice or custom. Our examination of the Articles of War, the Manual for Courts-Martial, 1949, and board of review and judicial council cases thereunder fails to reveal any provision or holding even suggestive of such a rule. Moreover, we perceive no basis in reason for requiring the appointing authority to do formally—even ritualistically—that which is fully implicit in widely discretionary action taken by him. Accordingly, it is our opinion that the argument of appellant is without merit.

Although the instant case is one of first impression, an analogous problem has arisen under the provisions of old Article of War 8, 10 USCA § 1479, and the Manual for Courts-Martial, U. S. Army, 1928, paragraph 4e. The phrasing of these two sources, which is identical, is set out below in pertinent part:

"The authority appointing a general court-martial shall detail as one of the members thereof a law member who shall be an officer of the Judge Advocate General's Department, except that when an officer of that department is not available for the purpose the appointing authority shall detail instead an officer of some other branch of the service selected by the appointing authority as specially qualified to perform the duties of law member. . . ."

Several decisions of federal courts passing on questions growing out of this language are related to the issue at hand and deserve attention. These cases indicate that the appointing authority is vested with the broadest sort of discretion in determining the availability and suitability of officer personnel to serve as law member of a general court-martial. The case of Hiatt v. Brown, 339 US 103, 94 L ed 691, 70 S Ct 495, reh den 339 US 939, involved the question of propriety under old Article of War 8, 10 USCA § 1479, of designating as law member a Field Artillery officer when it was apparent that officers of the Judge Advocate General's Department were present within the command. Actually such an officer had

**105**

been designated as assistant trial judge advocate in the same case, although he was absent from the trial by verbal order of the Commanding General. The court reversed the judgment of the Court of Appeals in the cause and held that there was nothing improper in this procedure, saying at page 107–8:

"The Court of Appeals held that the availability of a law member from the Judge Advocate General's Department was conclusively indicated by the order detailing an officer from that department in another capacity *without any explanation.* Thus the court concluded that the proceeding was void.

"*We are unable to agree with the Court of Appeals that this record discloses any disregard of the 8th Article of War in the appointment of the tribunal which convicted respondent.*

. . . . . . .

"We agree with the latter interpretation [from Henry v. Hodges, 171 F2d 401 (CA2d Cir)] that the availability of an officer as law member was intended by Congress to be a matter within the sound discretion of the appointing authority. Ordinarily the 'availability' of military personnel who are subject to assignment by an appointing authority is understood to depend upon a discretionary determination by the superior. . . .

. . . . . . .

"The 8th Article has also been consistently interpreted and applied by the Army as vesting a discretion in the appointing authority, which when exercised is conclusive in determining not only the accessibility of personnel but also the suitability of the officer detailed as the law member of a general court-martial. [citing cases] This established interpretation is entitled to great weight in our determination of the meaning of the article. . . ." (emphasis supplied)

In United States v. Humphrey, 181 F2d 757 (CA3d Cir), a situation almost identical to Hiatt v. Brown, supra, and roughly similar to the one involved in the present case, was again presented. The petitioner argued that the court-martial concerned was illegally constituted and did not possess jurisdiction to try him because its law member was not an officer of the Judge Advocate General's Department, whereas such an officer was physically available. Again the court held this to be no impropriety and said at page 759:

"The decision of the Supreme Court in Hiatt v. Brown, U. S., 70 S Ct 495, 498, disposes completely of the petitioner's contentions that the court-martial was without jurisdiction to proceed with the trial for it was held that the designation of a member of the Judge Advocate General's Department as an assistant trial judge advocate did not indicate that he was 'available' within the meaning of the 8th Article of War. The cited case rules this point, *the Supreme Court having held that the availability of an officer to serve on a court-martial is a question which lies within the discretion of the commanding general.* Clearly, under the cited decision the court-martial was not constituted in violation of the 8th Article of War and suffered from no jurisdictional defect." (emphasis supplied)

Finally, somewhat less than one year ago the Supreme Court of the United States, speaking through Mr. Justice Douglas, said in Whelchel v. McDonald, supra, at p 126:

"The law member of the court-martial was not named from the Judge Advocate General's Department. *But since no showing was made of the availability of such a member,* a case of gross abuse of discretion has not been established. See Hiatt v. Brown, 339 US 103, 109–110." (Emphasis supplied)

It is notable that in none of the cases cited was there any slightest mention of a requirement demanding an affirmative showing of unavailability in the sense in which it is asked here. In truth, the judicial language quoted immediately above seems rather to sug-

gest that it is for the party challenging the validity of the proceedings to establish the availability of Judge Advocate General's Department personnel. See also Mullan v. United States, 140 US 240, 35 L ed 489, 11 S Ct 788 and Martin v. Mott, 12 Wheat 19, 31, in which Mr. Justice Story stated that:

"Whenever a statute gives a discretionary power to any person, to be exercised by him upon his own opinion of certain facts, it is a sound rule of construction, that the statute constitutes him the sole and exclusive judge of the existence of those facts."

It is recognized, of course, that the federal authorities referred to in foregoing paragraphs were concerned with questions of jurisdiction, while we are not limited to review of this nature. It is certainly true in the present case that, without holding the court-martial to have been without jurisdiction to try Davis, it is legally and logically open to us to conclude that the failure of the record to reflect affirmatively the unavailability of lawyers under Article of War 11, 10 USCA § 1482, is reversible error. However, we are unwilling to do this. In fact, the following considerations would seem to indicate the contrary result: the failure of Congress to demand such a certificate; the absence of any such requirement in executive orders or service regulations; the fact that we have been unable to learn of the existence of any other military authority or approved practice directing such action; the extremely broad discretion which has been conferred upon the convening authority in this and similar situations and held to characterize his actions therein; and finally our inability to recognize any compelling principle or policy dictating the need for such a sacramental act. In this connection see Manual for Courts-Martial, 1949, paragraph 6, in which the following language is used:

"In any case in which a trial judge advocate of a court-martial is a member of the Judge Advocate General's Corps or a member of the bar of a Federal court or of the highest court of a State, the order appointing the court will expressly state the qualifications of both the trial judge advocate and the defense counsel as prescribed by Article 11. See Appendix 2 for the form of statements of qualification."

Had the Manual intended to require the affirmative showing asked by the appellant in this case, it would have been an extremely simple matter to provide for a statement of unavailability in an appropriate case, as well as for the statement of professional qualifications therein demanded. Moreover, the language last quoted is at least open to an interpretation suggesting the use of the non-lawyer as the normal court-martial practice under its terms and at the time—with a special requirement of certification when professionally qualified persons are named in the appointing order.

With respect to the general argument of appellant that he did not enjoy the benefit of qualified counsel in that neither Capt. Heaver nor Lt. Turner was a lawyer, it is to be observed that federal courts have frequently held that officers serving as counsel before courts-martial need not meet the same professional-technical requirements as counsel in civilian cases. See Romero v. Squier, 133 F2d 528 (CA 9th Cir), cert den 318 US 785; Hayes v. Hunter, 83 F Supp 940 (DC Kan); Ex parte Steele, 79 F Supp 428 (DCMD Pa); Adams v. Hiatt, 79 F Supp 433 (DCMD Pa); Altmayer v. Sanford, 148 F2d 161 (CA 5th Cir); Duval v. Humphrey, 83 F Supp 457 (DCMD Pa). In Altmayer v. Sanford, supra, the following language was used at page 162:

"The appointed counsel, being a commissioned officer admitted to practice before courts-martial, was a competent attorney within the purview of the Sixth Amendment. . . ."

Again in Duval v. Humphrey, supra, the court declared at page 460:

"Petitioner alleges that counsel were not attorneys. They were commissioned officers and this contention is without merit."

107

It will be recognized, of course, that substantial changes have recently been made in the qualification requirements of trial and defense counsel in the direction of increased professional demands. It may be observed too that, because of these, the present problem will no longer arise in the administration of the rules governing general courts-martial. See Uniform Code of Military Justice, Article 27 (b), and Manual for Courts-Martial, United States, 1951, paragraph 6b.

Apart from the matters dealt with in preceding paragraphs, it should be said that we find no substantial evidence of neglect of the interests of the accused by defense counsel—much less that arising to the level of a denial of due process. Indeed, appellant's case has been presented to us solely on the basis of the general considerations discussed, and no slightest suggestion of specific neglect has been made.

It follows that the decision of the board of review must be affirmed.

Chief Judge QUINN and Judge LATIMER concur.