**Charles O. DIXON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 5400.**

United States Court of Appeals Tenth Circuit.

Oct. 3, 1956.

Charles O. Dixon, pro se.

James W. Booth, Lt. Col., U. S. Army, J.A.G.C., Washington, D. C. (William C. Farmer, U. S. Atty., Topeka, Kan., and Milton P. Beach, Asst. U. S. Atty., Kansas City, Kan., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PHILLIPS and LEWIS, Circuit Judges.

PHILLIPS, Circuit Judge.

A charge and specification was filed against Charles O. Dixon, which alleged that on October 1, 1947, Dixon, while a private in the United States Army, stationed in Okinawa, did on October 1, 1947, "with malice aforethought, willfully, deliberately, feloniously, unlaw-

fully, and with premeditation, kill one, Shige Okuma, * * * by striking her on the head with a pistol" in violation of the 92nd Article of War, 10 U.S.C.A. § 1564.

On January 5 and 6, 1948, he was tried by a general court-martial, found guilty of murder in violation of such 92nd Article and sentenced to life imprisonment. The sentence was approved by the commanding general on January 27, 1948. On April 5, 1948, the Board of Review in the Office of the Judge Advocate General of the Army held that the court was regularly constituted and had jurisdiction over the accused and the offense; that no errors injuriously affecting the substantial rights of the accused were committed during the trial; and that the record of the trial was legally sufficient to support the finding of guilty and the sentence. The holding of the Board of Review was approved by the Judge Advocate General of the Army on April 15, 1948, and execution of the sentence was ordered. The sentence has since been reduced to 27 years.

On November 7, 1950, Dixon filed with the Judge Advocate General of the Army a petition for a new trial, under the provisions of Article of War 53, 10 U.S.C.A. § 1525. The petition was denied. Thereafter, on December 19, 1955, Dixon filed an application in the court below for a writ of habeas corpus. As grounds for the writ, Dixon alleged that a written confession signed by him was obtained through duress and was not voluntary, and was improperly admitted in evidence at the court-martial. After a hearing, the court entered an order discharging the writ. From that order Dixon has appealed.

There was testimony at the court-martial proceeding that before the confession was made, reduced to writing and signed

by Dixon, First Lieutenant Edwin L. Rogers, who took the confession, advised Dixon fully with respect to his rights and explained and read to Dixon the 24th Article of War, 10 U.S.C.A. § 1495; that Dixon was not subjected to any threats and no promises were made to him; and that the confession was made voluntarily. The court-martial held that the confession was voluntary and admitted it in evidence. Moreover, there was uncontradicted testimony by eye witnesses, which fully proved the charge. The Board of Review fully considered the issue of the admissibility of the confession and found that it was made voluntarily, after Dixon had been fully advised as to his rights, and was properly admitted.

In Hiatt v. Brown, 339 U.S. 103, 111, 70 S.Ct. 495, 498, 94 L.Ed. 691, the court said:

"* * * It is well settled that 'by habeas corpus the civil courts exercise no supervisory or correcting power over the proceedings of a court-martial * * *. The single inquiry, the test, is jurisdiction.' In re Grimley, 1890, 137 U.S. 147, 150, 11 S.Ct. 54, 34 L.Ed. 636."

■ However, in military habeas corpus the civil courts have jurisdiction to determine whether the accused was denied any basic right guaranteed to him by the Constitution.[1] But the civil courts will not consider alleged errors in evaluating the evidence given in the court-martial proceeding.[2]

■ The issue as to whether the confession was voluntary and admissible in evidence was fully and fairly considered by the military tribunals and decided adversely to Dixon. That issue is not open to review on habeas corpus.

In his brief here, Dixon raises first the question that no instructions were given by the law member in open court.[3]

1. Burns v. Wilson, 346 U.S. 137, 139, 73 S.Ct. 1045, 97 L.Ed. 1508; Day v. Davis, 10 Cir., 235 F.2d 379; Easley v. Hunter, 10 Cir., 209 F.2d 483, 486, 487.

2. Whelchel v. McDonald, 340 U.S. 122, 124, 71 S.Ct. 146, 95 L.Ed. 141; Burns v. Wilson, 346 U.S. 137, 142, 73 S.Ct. 1045,

97 L.Ed. 1508; Day v. Davis, 10 Cir., 235 F.2d 379; Hiatt v. Brown, 339 U.S. 103, 110, 70 S.Ct. 495, 94 L.Ed. 691.

3. The question was not raised at the court-martial proceeding, or in any of the proceedings for review by the military tribunals.

The law governing courts-martial at the time of Dixon's trial was contained in the Articles of War. Act of June 4, 1920, 41 Stat. 787–812, 10 U.S.C.A. § 1471 et seq. Neither those Articles nor the Manual for Courts-Martial, United States Army, 1928, as corrected to April 20, 1943, which were in effect at the time of the trial, provided for any instructions to be given in open court by the law member of a court-martial.

Open instructions were introduced into the military justice system by the 1948 amendments to the Articles of War, Act of June 24, 1948, 62 Stat. 627, which did not become effective until February 1, 1949.

We are of the opinion that the fact the law member did not give instructions to the court in open court and before it retired in the closed session did not amount to a denial of due process.

Affirmed.