257 F.2d 184
 George JACOBI, M. D., Appellant,
v.
UNITED STATES of America, Appellee.
 No. 5841.
 United States Court of Appeals Tenth Circuit.
 June 3, 1958.
 
 George Jacobi, pro se.
 Peter S. Wondolowski, Lieutenant Colonel, U.S. Army, Judge Advocate General's Corps, Washington, D.C. (William C. Farmer, U.S. Atty., Topeka, Kan., Milton P. Beach, Asst. U.S. Atty., Kansas City, Kan., and Cecil L. Forinash, Lieutenant Colonel, U.S. Army, Judge Advocate General's Corps, Washington, D.C., on the brief), for appellee.
 Before MURRAH, PICKETT and LEWIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-appellant seeks review of an order of the United States District Court for the District of Kansas dismissing a petition for habeas corpus. He is presently confined in the U.S. Disciplinary Barracks at Fort Leavenworth as the result of a sentence imposed by military authority after conviction by a General Court-Martial for violation of Articles 120 and 107, Uniform Code of Military Justice (10 U.S.C. 920 and 907). Appellant's contentions upon which he would premise right to relief are levelled solely at the lawfulness of his original confinement, it being undisputed that his term of confinement has not terminated by lapse of time.
 
 
 2
 In the court below petitioner denied the jurisdiction of the military court over both his person and the offenses charged asserting that he had been unlawfully inducted into the military service of the United States and that the crime charged, that of an offense against the person of a German national, was exclusively within the jurisdiction of the German civil courts. Although failure to comply with Rule 19 of this Court, 28 U.S.C.A., indicates appellant has abandoned such contentions on appeal we have nonetheless reviewed the entire record and conclude, as did the trial court, that the claims are totally lacking in merit. Appellant's other contentions attack the credibility of witnesses testifying at his court-martial, the loyalty of his privately employed civilian defense counsel and the thoroughness of the military pre-trial investigation. These claims have received careful, and in fact, extraordinary consideration through the entire system of military review and are not now properly subject to further review by habeas corpus. Hiatt v. Brown, 339 U.S. 103, at page 110, 70 S.Ct. 495, 94 L.Ed. 691; Dickenson v. Davis, 10 Cir., 245 F.2d 317.
 
 
 3
 Affirmed.