George CRIGLER, Appellant,

v.

UNITED STATES ARMY and J. C. Taylor, Warden, United States Penitentiary, Leavenworth, Kansas, Appellees.

No. 6586.

United States Court of Appeals Tenth Circuit.

Jan. 13, 1961.

James D. Childress, Edgewater, Colo., for appellant.

James C. Waller, Jr., Major, JAGC, Department of the Army, Washington, D. C. (Wilbur G. Leonard, U. S. Atty., Topeka, Kan., was with him on the brief), for appellees.

Before MURRAH, Chief Judge, and BRATTON and BREITENSTEIN, Circuit Judges.

PER CURIAM.

Appellant Crigler appeals from an order denying him the right to file a petition for habeas corpus in forma pauperis and dismissing such petition. Crigler is

serving a life sentence imposed by a general court-martial which found him guilty of robbery, attempted robbery, aggravated assault and murder. Appropriate review proceedings were had in conformity with the Uniform Code of Military Justice, [1] and the conviction was affirmed by the United States Court of Military Appeals.

Crigler filed a petition for habeas corpus and motion to proceed in forma pauperis in the United States District Court for the District of Kansas. The motion was denied and the petition dismissed in December, 1959, and rehearing denied in January, 1960. Crigler did not appeal. In August, 1960, Crigler filed the petition and motion involved in this appeal. We have before us the district court records on each petition presented to the lower court. Each raises the issues of the erroneous admission of evidence and the disposition of Crigler's defense of insanity, and it appears from such records that such issues were considered by the military tribunals and determined adversely to Crigler.

■■ As the second petition raised no new issue from that presented in the first petition, the district court was not required to consider it.[2] We have, however, reviewed the record. The court-martial had jurisdiction over the person and of the offenses and acted within its lawful powers. The correction of any errors which it may have committed are for the military authorities authorized to review its decision.[3] This is not a case wherein the military tribunals have manifestly refused to consider claims relating to the denial of constitutional rights. Crigler's petitions show that the points which he raises were given full consideration. In such circumstances the civil courts will not review the actions of the military court.[4]

■ Crigler argues that he was prejudiced because on the second appearance of his case before the Board of Review one member of that Board had also sat on the case when it first appeared before that tribunal. There is nothing to show that the Board was not properly constituted under 10 U.S.C. § 866(a), that Crigler objected at that time to the participation by the officer in question, or that he raised the point before the Court of Military Appeals. The point is without merit and may not be raised for the first time on habeas corpus.[5]

Affirmed.

1. 10 U.S.C. § 866(c).

2. 28 U.S.C. § 2244; United States ex rel. Bergdoll v. Drum, 2 Cir., 107 F.2d 897, 899, 129 A.L.R. 1165, certiorari denied 310 U.S. 648, 60 S.Ct. 1098, 84 L.Ed. 1414. Cf. Salinger v. Loisel, United States Marshal, 265 U.S. 224, 230, 44 S. Ct. 519, 68 L.Ed. 989.

3. Hiatt v. Brown, 339 U.S. 103, 111, 70 S.Ct. 495, 94 L.Ed. 691, rehearing denied 339 U.S. 939, 70 S.Ct. 672, 94 L.Ed. 1356.

4. Easley v. Hunter, 10 Cir., 209 F.2d 483, 487; Suttles v. Davis, 10 Cir., 215 F.2d 760, 761–763, certiorari denied 348 U. S. 903, 75 S.Ct. 228, 99 L.Ed. 709, rehearing denied 348 U.S. 932, 75 S.Ct. 343, 99 L.Ed. 731; Jacobi v. United States, 10 Cir., 257 F.2d 184.

5. Cf. McKinney v. Warden, United States Penitentiary, Leavenworth, Kansas, 10 Cir., 273 F.2d 643, 644, certiorari denied 363 U.S. 816, 80 S.Ct. 1253, 4 L.Ed.2d 1156.