DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Vincent Turner appeals his conviction and sentence by the Wayne County Common Pleas Court. We affirm.
On September 5, 1996, Turner was indicted for one count of drug abuse, in violation of R.C. 2925.11, with a specification for a prior crime of violence. On October 4, 1996, Turner moved for suppression of evidence. Following a hearing, the trial court denied the motion. Turner then pled no contest to the count of drug abuse, was found guilty, and was sentenced. Turner appeals his conviction and sentence, assigning two errors to the trial judge's denial of his motion to suppress evidence.
At the suppression hearing, testimony was taken only from the arresting officer, Wooster patrolman Juan McCloud. McCloud testified that had known Turner for much of the five years he had served with the Wooster Police Department. Throughout their acquaintance, according to McCloud, Turner's driver's license had been suspended. McCloud was also aware that Turner had a drug problem.
The trial court found the following facts. Two weeks prior to the traffic stop giving rise to this case, McCloud encountered Turner sitting in the driver's seat of a parked vehicle. McCloud asked Turner if he had his license yet. Turner admitted that he did not. McCloud gave Turner a formal warning not to drive until he regained his driving privilege. McCloud confirmed that Turner was driving under suspension by checking Bureau of Motor Vehicle records.
The trial court also found that two weeks later, on May 31, 1996, McCloud saw Turner driving the same car southbound as McCloud headed northbound in a marked police cruiser. Having passed Turner, McCloud observed Turner make a quick left turn onto another street as if to evade the patrolman. Turner pulled into a driveway. McCloud parked nearby and approached Turner's driver's side door. As he approached, McCloud saw Turner attempt to hide his car keys on the floor. McCloud asked Turner if he was "valid" yet. Turner said "no" and McCloud began writing up a traffic citation for driving under suspension. As Turner and McCloud conversed, in part about Turner's drug problem, McCloud observed Turner remove from his pocket a short length of chrome pipe, which Turner attempted to hide along the left side of the driver's seat. McCloud asked Turner what he was trying to hide, but Turner denied trying to hide anything. McCloud then grabbed Turner's arm and retrieved the length of chrome pipe, which in McCloud's opinion was used to smoke crack cocaine. McCloud then arrested Turner for drug abuse.
Turner appeals his conviction and sentence, assigning two errors.
 I.
Turner's first assignment of error states:
 THE TRIAL COURT ERRED BY CONCLUDING THAT WOOSTER POLICE OFFICER, JUAN McCLOUD, HAD AN ARTICULABLE REASON TO STOP THE APPELLANT FOR DRIVING UNDER SUSPENSION.
Turner does not dispute the competence or credibility of the testimony McCloud marshaled at the suppression hearing. Nor does Turner dispute the trial court's findings of fact, which closely tracked McCloud's testimony. Turner argues that McCloud's stop of Turner violated Turner's rights against seizure of his person provided by the Fourth Amendment of the United States Constitution.[1]
A traffic stop is a seizure of the person under theFourth Amendment. Whren v. United States (1996), 517 U.S. 806,135 L.Ed.2d 89, 95. Courts are required to exclude evidence obtained by means of seizures and searches found violative of the Fourth Amendment. See State v. Halczyszak (1986),25 Ohio St.3d 301, 302, certiorari denied (1987),480 U.S. 919, 94 L.Ed.2d 691; Mapp v. Ohio (1961),367 U.S. 643, 657, 6 L.Ed.2d 1081, 1090.
The constitutionality of a traffic stop is governed by the standard set forth in Terry v. Ohio (1968), 392 U.S. 1,20 L.Ed.2d 889; State v. Carlson (1995), 102 Ohio App.3d 585, 590. Before stopping a vehicle, a law enforcement officer must have a reasonable suspicion, based on specific and articulable facts, that an occupant is or has been engaged in criminal activity.Terry, supra, at 21-22, 20 L.Ed.2d at 905-06; Carlson, supra, at 590; see, also State v. Epling (1995), 105 Ohio App.3d 663, 664. The question of whether an officer has a reasonable suspicion to make an investigatory stop is to be reviewed by an appellate courtde novo. Ornelas v. United States (1996), 517 U.S. 690, ___,134 L.Ed.2d 911, 920; State v. Gutierrez (July 17, 1996), Medina App. No. 2515-M, unreported, at 6. Application of this standard requires review of the situation in light of the totality of the circumstances. Alabama v. White (1990), 496 U.S. 325, 328-29,110 L.Ed.2d 301, 308; State v. Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus, certiorari denied (1988),488 U.S. 910, 102 L.Ed.2d 252. We view the totality of the circumstances "through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." State v.Andrews (1991), 57 Ohio St.3d 86, 87-88, certiorari denied (1991),501 U.S. 1220, 115 L.Ed.2d 1002.
The level of suspicion required for a Terry stop is less demanding than that required for probable cause. Alabama v.White, 496 U.S. 325, 330, 110 L.Ed.2d 301, 309. As the United States Supreme Court explained in White:
 Reasonable suspicion is a less demanding standard than probable cause not only in the sense that reasonable suspicion can be established with information that is different in quantity or content than that required to establish probable cause, but also in the sense that reasonable suspicion can arise from information that is less reliable than that required to show probable cause. Adams v. Williams [(407 U.S. 143, 32 L.Ed.2d 612] demonstrates as much. We there assumed that the unverified tip from the known informant might not have been reliable enough to establish probable cause, but nevertheless found it sufficiently reliable to justify a Terry
stop. Reasonable suspicion, like probable cause, is dependent upon both the content of information possessed by police and its degree of reliability. Both factors — quantity and quality — are considered in the "totality of the circumstances — the whole picture."
(Citations omitted.) Id.
In the circumstances, the quality and reliability of McCloud's information that Turner was driving under a license suspension[2] were sufficient to support McCloud's reasonable suspicion to make an investigatory stop. Across an acquaintance of several years, McCloud had always known Turner's license to be suspended. That knowledge had been officially reaffirmed just two weeks prior to the traffic stop at issue, when McCloud had seen Turner sitting in the driver's side of a car. The traffic stop at issue here was prompted by McCloud observing Turner driving the same car and then taking what McCloud reasonably interpreted as action to evade McCloud. By the time McCloud backtracked and caught up with Turner, Turner had pulled off the road.
What is more, in Akron v. Linn (Nov. 26, 1997), Summit App. No. 18488, unreported, at 4, this court found that police officers who recognized a driver as the same person they had cited three weeks earlier for driving under a suspended license had reasonable suspicion based on specific and articulable facts that the driver had engaged in the criminal activity of driving under a suspended license. McCloud had at least as much foundation for his reasonable suspicion of Turner's criminal activity when he stopped him. Turner's first assignment of error is overruled.
 II.
Turner's second assignment of error states:
 THE TRIAL COURT ERRED BY FINDING THAT WOOSTER POLICE OFFICER, JUAN McCLOUD, PROPERLY SEIZED THE CHROME OBJECT WHICH WAS PURPORTED TO BE A HOMEMADE CRACK PIPE FROM THE APPELLANT.
Turner argues that even if the traffic stop was proper, the trial court erred by overruling Turner's suppression motion when McCloud's seizure of chrome pipe violated Turner'sFourth Amendment rights.
The trial court found the following facts. During the stop, McCloud and Turner were discussing Turner's drug problem and, as McCloud and Turner conversed, Turner surreptitiously removed a chrome pipe from his pocket and tried to hide it along the left side of the driver's seat. McCloud confronted Turner, asking him "What was that?" and Turner denied hiding anything. McCloud grabbed Turner's arm and seized the chrome pipe, which McCloud described as a broken-off piece of chrome antenna used to smoke crack cocaine. The State contends that the chrome pipe was admissible as evidence under the "plain view" exception to the general requirement that searches be conducted pursuant to a specific warrant. Under the plain view doctine, "if the police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." Minnesota v. Dickerson (1993),508 U.S. 366, 375, 124 L.Ed.2d 334, 345; see, also, State v. Jiwad
(Jan. 15, 1997), Summit App. No. 17820, unreported, at 4.
In resolving Turner's first assignment of error, we affirmed the trial court's conclusion that McCloud's initial intrusion leading to the discovery of the pipe was lawful. Turner does not dispute that McCloud had a lawful right of access to the location of the pipe. Turner argues only that the pipe's nature as contraband was not immediately apparent to when McCloud first saw it. Incriminating evidence is "immediately apparent" if the police have probable cause to associate the evidence with criminal activity. State v. Halczyszak (1986), 25 Ohio St.3d 301, paragraph three of the syllabus, certiorari denied (1987),480 U.S. 919, 94 L.Ed.2d 691. The trial court found that McCloud had probable cause to seize the pipe from Turner.
Turner states correctly that McCloud testified that 1) he could not remember whether the object seized had a burned end which would have indicated its use for smoking crack cocaine; and 2) there was no rock of cocaine inside the pipe at the time of seizure.[3] Further, Turner notes, McCloud did not testify as to his background or training upon which he based his conclusion that the pipe was used to smoke crack cocaine.
Nevertheless, McCloud did testify that upon seeing the pipe he had reason to believe that it constituted evidence of a crime. He knew Turner used drugs and in fact was discussing Turner's drug use with him at the time he saw the pipe. McCloud saw Turner attempt to hide the object away from his person, and when he confronted Turner with the act of hiding, Turner falsely denied that he was hiding anything. McCloud recognized the pipe itself as "[a] broken-off piece of chrome antenna used to smoke crack cocaine."[4] In that circumstantial context, McCloud had probable cause to equate the pipe with evidence of crime.
Turner's second assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne, Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
SLABY, P. J.
REECE, J.
CONCUR.
[1] The text of the Fourth Amendment states:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
[2] "[W]here an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, including a minor traffic violation, the stop is constitutionally valid[.]" Dayton v. Erickson (1996),76 Ohio St.3d 3, 11-12; see, also, State v. Carver (Feb. 4, 1998), Medina App. No. 2673-M, unreported, at 3.
[3] McCloud testified that while he failed to find a rock of crack cocaine inside the pipe, he did find "residue" there.
[4] In State v. Johnson (Feb. 22, 1994), Franklin App. No. 93APA09-1282, unreported, the Tenth District Court of Appeals affirmed the trial court's suppression of a crack pipe and a couple unit doses of crack cocaine found by the officer in plain view because the trial court had been left to to make its determination solely upon the police officer's conclusory assertion that the incriminating character of the item seized was immediately apparent. The court specifically lamented the state's failure (1) to present evidence of the offcer's contact with or ability to identify crack cocaine; (2) to offer the physical evidence at the hearing; or (3) to ask the officer to describe the evidence at the hearing. Id. At the hearing in the present case, McCloud described in detail the pipe he seized.