## BURNS v. LOVETT, Secretary of Defense et al.

No. 3871.

United States District Court
District of Columbia.

April 10, 1952.

Judgment Affirmed July 31, 1952.

Frank D. Reeves, Washington, D. C., Thurgood Marshall and Robert L. Carter, New York City, for petitioner.

Charles M. Irelan, U. S. Atty., B. M. Landesman, Asst. U. S. Atty., Washington, D. C., Walter Kiechel, Jr., Lt. Col., United States Air Force, Office of The Judge Advocate General, United States Air Force, Washington, D. C., for respondents.

MORRIS, District Judge.

This petition for a writ of habeas corpus was filed, seeking the release of the petitioner, who is held under authority of the respondents by the Japan Logistical Command, awaiting execution of sentence of death pursuant to a conviction by a general court martial for the rape and murder of one Ruth Farnsworth, in violation of the 92nd Article of War, 10 U.S.C.A. § 1564, in Guam, on or about the 11th day of

December 1948. The petitioner at the times relevant to these proceedings was a Staff Sergeant of the 12th Air Ammunition Squadron. The general court martial, before which he was tried, was lawfully appointed by the Commanding General, 20th Air Force. It is, therefore, not controverted that the general court martial trying this petitioner had jurisdiction of the petitioner and of the offense, and it is clear that the sentence imposed was such as is authorized by the Articles of War. It is contended by the petitioner, however, that gross irregularities and improper and unlawful practices rendered the trial and conviction invalid, and that this Court, on a writ of habeas corpus, should review the proceedings, determine the invalidity thereof, and release the petitioner from custody.

As stated in the memorandum opinion in the case of Dennis v. Lovett, D. C., 104 F.Supp. 310, the conclusions of this Court are:

"It is for this Court, on a petition for a writ of habeas corpus, only to inquire into and determine whether or not the court martial before which a petitioner is tried was lawfully constituted, had jurisdiction of the person and offense, and imposed a sentence authorized by law. Beyond that the civil courts should not and cannot go. The Congress has constituted the system by which military law shall be administered, and it is not given to the civil courts, beyond the jurisdiction of a military court, to inquire into the regularity of its proceedings for the correction of errors committed therein. Hiatt v. Brown, 339 U.S. 103, 70 S.Ct. 495, 94 L.Ed. 691, decided March 13, 1950. The proceedings of the court martial in this case were considered and approved by the reviewing authority, which was accomplished by a full analysis of the proceedings by the Staff Judge Advocate of the Headquarters of the 20th Air Force. Thereafter a subsequent review was had by the Board of Review, and thereafter a further review was had by the Judicial Council. Subsequently a review was had by the Judge Advocate General, United States Air Force, who, because of the extreme gravity of both the sentence adjudged and the allegations made, in his capacity as supervisor of the administration of military justice generally, caused the Office of Special Investigations, Office of the Inspector General, to make a complete investigation of such matters. As the approval of the President of the United States was necessary to carry such sentence into effect, that action was also had. Thereafter, upon the application of petitioner for relief provided by Section 12, Act of May 5, 1950, 50 U.S.C.A. § 740 (formerly Article of War 53), the Judge Advocate General, United States Air Force, caused a board of officers to be appointed to provide for a hearing, which was afforded to counsel for petitioner. All of this extensive machinery for review was intended to afford adequate opportunity for the correction of any errors prejudicial to the petitioner committed in the trial of his case. The record here shows that extensive consideration was given to each of the matters asserted in support of the relief sought in these proceedings, and the various military authorities who were charged with the responsibility of review determined such matters to be factually groundless. In these circumstances, this Court is without jurisdiction to inquire into the matters and things asserted by the petitioner to be grounds for the relief sought, and, therefore, the petition does not state facts upon which the relief sought can be granted."

For the reasons stated, as sought by the respondents in response to a rule to show cause issued herein, the rule to show cause is discharged and the petition for a writ of habeas corpus is dismissed.