Calvin DENNIS, Petitioner,

v.

J. C. TAYLOR, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.

No. 318.

United States District Court
M. D. Pennsylvania.

April 18, 1957.

Jay G. Sykes, Seattle, Wash., Roger S. Haddon, Sunbury, Pa., for petitioner.

W. M. Burch, II, Major, USAF, Judge Advocate, Washington, D. C., Robert J. Hourigan, U. S. Atty., Scranton, Pa., for respondent.

FOLLMER, District Judge.

■ Calvin Dennis, a military prisoner at the United States Penitentiary, Lewisburg, Pennsylvania has filed his petition for writ of habeas corpus.

Calvin Dennis, Herman Dennis and Robert Burns were charged with murder and rape. Herman Dennis was tried May 9 to May 16, 1949; Calvin Dennis was tried May 20 to May 25, 1949, and Robert Burns was tried May 27 to May 30, 1949. All three were convicted and sentence of death imposed. The sentence of Calvin Dennis was commuted by the President to life imprisonment.

Petitions for writs of habeas corpus were previously filed, although not in this district, by Herman Dennis and Robert Burns. The District Court dismissed their petitions, Dennis v. Lovett, D.C.D. C., 104 F.Supp. 310, and Burns v. Lovett, D.C.D.C., 104 F.Supp. 312, the Court of Appeals affirmed, 91 U.S.App.D.C. 208, 202 F.2d 335, and the dismissal of the petitions by the District Court was sustained by the Supreme Court, Burns v. Wilson, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508.

In this petition, Calvin Dennis raises the same charges of illegal detention, coerced confession, denial of counsel of his choice and perjured testimony as were set forth in the proceedings of Herman Dennis and Robert Burns. The same affidavits referred to in those proceedings are submitted here.

The petitioner at the times relevant to these proceedings, was a Private in Detachment 1, 811th Engineer Aviation Battalion. The General Court Martial before which he was tried, was lawfully appointed by the Commanding General, Twentieth Air Force. He was charged with violations of the 92nd Article of War, 10 U.S.C. § 1564. The General Court Martial that tried him had jurisdiction of Calvin Dennis and of the offense, and the sentence imposed was authorized by the Articles of War. The entire record of trial has been examined, as well as all appellate and review proceedings. This examination leaves no

doubt that the military reviewing courts carefully and thoroughly scrutinized the trial record of Calvin Dennis. In opinions, full and well considered, they reached conclusions that petitioner had been accorded a complete opportunity to establish the authenticity of his allegations and had failed.

■ What was said by the Supreme Court in Burns v. Wilson, supra, 346 U.S. at page 144, 73 S.Ct. 1045, as to the analysis of the trial records of Herman Dennis and Robert Burns is equally applicable to the analysis of the record of Calvin Dennis.[1] The proceedings of the Court Martial in this case were considered and approved by the reviewing authority (Staff Judge Advocate's Review)[2] with a full analysis of the proceedings. It was again fully covered by the opinion of the Board of Review,[3] followed by a further review and opinion of the Judicial Counsel after submission of briefs and oral argument.[4] Thereafter, a

death sentence being involved, it was forwarded, with recommendation, to the President,[5] who commuted the sentence to life imprisonment.[6] Subsequently, upon application of Calvin Dennis for relief under Section 12, Act of May 5, 1950, 50 U.S.C.A. § 740 (formerly Article of War 53), a Board of Officers was appointed, which, on the request of counsel for petitioner, heard oral argument [7] and the issues now raised were again fully considered.[8] In his brief petitioner seeks to make a distinction by saying that there is an additional affidavit by one Francis L. Moylan (a witness at his trial) presented here. This need not disturb us. If the military were not given an opportunity to pass upon it in connection with his petition there filed, it could not be considered here.[9]

This petitioner has failed to show that the military review was legally inadequate to resolve the claims which he now seeks to present in this Court.

---

1. Except that the issue of the availability of one Lt. Col. Daly to represent him, although present in his case, was not raised in these proceedings. This issue, however, would be fully covered by footnote 11 in Burns v. Wilson, supra, and see Respondent's Exhibit B (Transcript of Court-Martial trial testimony) Page 3 (85).

   Also, Calvin Dennis, fully advised of his rights, elected not to take the stand, Respondent's Exhibit B (Transcript of Court-Martial trial testimony), Pages 182–3 (268–9), and as to the confessions which he now seeks to attack, at the trial not only did not attack them as involuntary but urged their admission on the theory that they reflected the truth, Respondent's Exhibit B (Transcript of Court-Martial trial testimony), Pages 147–8 (233–4). There could, therefore, be no issue of loss of jurisdiction in the trial court by reason of the confessions.

2. Respondent's Exhibit C (Review of the Staff General Advocate in Court-Martial proceedings).

3. Respondent's Exhibit D (Opinion of the Board of Review in Court-Martial proceedings).

4. Respondent's Exhibit E (Opinion of the Judicial Council, Office of the Judge Advocate General, in Court-Martial proceedings). (See Page 18 of Exhibit).

5. Respondent's Exhibit F (Recommendations of The Judge Advocate General in Court-Martial proceedings).

6. Respondent's Exhibit G (confirming action by the President of the United States in the court-martial case of Private Calvin Dennis).

7. Exhibit I (action and memorandum opinion of The Judge Advocate General, in the Court-Martial proceedings) (Page 5, "At this oral hearing, counsel for petitioner treated the instant case and the two involving separate trials of the accomplices as a group, * * *.")

8. See, e. g., Exhibit I (action and memorandum opinion of The Judge Advocate General, in the Court-Martial proceedings) Pages 10, 11 and 12.

9. Actually, however, the full discussion of the Francis L. Moylan statement by the Court of Appeals, 202 F.2d 335, 346, leaves no doubt that it was before the Court of Appeals and the Supreme Court in the cases of Herman Dennis and Robert Burns.

In response to a Rule to Show Cause which issued in these proceedings, the respondent filed a motion to dismiss. The Rule to Show Cause will be discharged and the petition for a writ of habeas corpus dismissed.