James GORDON and Edward L. Brown, Petitioners,

v.

J. T. WILLINGHAM, Warden, United States Penitentiary, Lewisburg, Pennsylvania, Respondent.

No. 385.

United States District Court
M. D. Pennsylvania.

Oct. 20, 1960.

**3**

Alfred Avins, Chicago, Ill., for petitioners.

James C. Waller, Major, JAGC, Thomas A. Ryan, Lieutenant Colonel, JAGC, Dept. of the Army, Washington, D. C., Daniel H. Jenkins, U. S. Atty., Phillip H. Williams, Asst. U. S. Atty., Scranton, Pa., for respondent.

FOLLMER, District Judge.

This petition for a writ of habeas corpus was filed seeking the release of the petitioners who are held by the respondent, by the authority of the United States, as prisoners pursuant to the sentence of a general court-martial following their conviction for the rape of a white fifteen year old German girl, one Erika Loos, in violation of the 120th Article, Uniform Code of Military Justice, 10 U.S.C. § 920, at Bamberg, Bavaria, Germany, on July 9, 1956. At the time relevant to these proceedings the petitioners were Privates in the United States Army, assigned for duty with Company H, 85th Infantry Regiment, 10th Infantry Division at Bamberg, Germany.

The General Court-Martial before which they were tried was lawfully appointed by the Commanding General, 10th Infantry Division. It is not controverted that the general court-martial trying these petitioners had jurisdiction of the petitioners and of the offense, and it is clear that the sentence imposed was such as is authorized by the Uniform Code of Military Justice.

It is the contention of the petitioners, however, "that by reason of inflammatory and distorted newspaper articles and other publicity, prejudgment of the case by the Commander-in-Chief, United States Army, Europe, and his subordinate commanders, and their exercise of command control and influence over the court-martial which tried the petitioners, and the bias on the part of American military personnel in Europe in general and the court members in particular, the petitioners were denied a fair trial and due process of law, whereby the court-martial trying the petitioners lost jurisdiction of the case and of the petitioners, * * * ."

Petitioner Gordon was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for life. Petitioner Brown was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for forty years.

Under the provisions of Article 61, Uniform Code of Military Justice, 10 U.S.C. § 861, the convening authority referred the record of the court-martial to his Staff Judge Advocate for review. After an exhaustive review of the record, the Staff Judge Advocate submitted his written opinion thereon to the convening authority in which he found the findings of guilty and sentences correct in law and fact and recommended the sentences as to each of the petitioners be approved.

On September 24, 1956, the convening authority approved the findings of guilty and the sentences of both petitioners.

Thereafter a subsequent review was had by the Board of Review. In these proceedings petitioners were represented by two military lawyers and two civilian lawyers. The errors assigned by petitioners before the Board of Review were the same allegations which petitioners now raise on habeas corpus. On April 1, 1957, after exhaustively reviewing the trial record, the Board rendered its decision finding the findings of fact and sentences, as approved by the convening authority, correct in law and fact. In the exercise of its power under the provisions of Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866, the Board reduced the sentence of petitioner Gordon to thirty years and the sentence of petitioner Brown to fifteen years.

**4**

On June 27, 1957, petitioners filed a petition for a grant of review in the United States Court of Military Appeals, in which they assigned the same errors as were urged before the Board of Review and which included the same arguments upon which they now base their petition for a writ of habeas corpus. Incidentally, the same two military and two civilian lawyers who appeared on behalf of petitioners before the Board of Review appeared with one additional military lawyer before the Court of Military Appeals.

By an order dated August 16, 1957, the Court of Military Appeals limited the scope of review in that Court to precisely the same issues as are now before this Court on habeas corpus.

On April 4, 1958, after a full and complete hearing including briefs and oral arguments, in an exhaustive, able, and convincing opinion, the Court of Military Appeals affirmed the decision of the Board of Review.

All of the steps above outlined for review were in complete compliance with the provisions of the Uniform Code of Military Justice which were intended to afford adequate opportunity for the correction of any errors prejudicial to the petitioners committed in the trial of their case. The record here shows that extensive consideration was given to each of the matters asserted in support of the relief here sought and that each of the several military authorities charged with the responsibility of review determined such matters to be factually groundless. To add to the complete coverage given the here complained of matters by the Board of Review, and particularly by the Court of Military Appeals, would, in my judgment, simply amount to supererogation by this Court.

Under these circumstances this Court is without jurisdiction to further inquire into the matters asserted by petitioners as grounds for the relief sought. Therefore, the petition does not state facts upon which the relief sought can be granted.[1]

Accordingly, the petition for writ of habeas corpus will be denied and the Rule to Show Cause issued thereon will be discharged.

---

1. Dennis v. Lovett, D.C.D.C.1952, 104 F. Supp. 310; Waite v. Overlade, 7 Cir., 1947, 164 F.2d 722; Burns v. Lovett, 1952, 91 U.S.App.D.C. 208, 202 F.2d 335.