**RUBENSTEIN**

v.

**WILSON, Secretary of Defense et al.**

No. 12022.

United States Court of Appeals District of Columbia Circuit.

Argued April 26, 1954.

Decided May 10, 1954.

Mr. Myron G. Ehrlich, Washington, D. C., with whom Mr. Joseph Sitnick, Washington, D. C., was on the brief, for appellant.

Mr. Oliver Gasch, Principal Asst. U. S. Atty., Washington, D. C., and Lt. Col. Chester W. Wilson, Office of the Judge Advocate General, United States Air Force, Washington, D. C., of the bar of the Supreme Court of Wisconsin, pro hac vice, by special leave of Court, with whom Messrs. Leo A. Rover, U. S. Atty., and Edward O. Fennell and Lewis A. Carroll, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellees.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

BAZELON, Circuit Judge.

This is an appeal from an order of the District Court dismissing a petition for a writ of habeas corpus. A critical issue raised is whether, during the period from June to November 1951, appellant was a person "accompanying" the Armed Forces within the meaning of Article 2(11) of the Uniform Code of Military Justice.[1] Appellees say that he was, that hence he is amenable to trial by court-martial for various offenses allegedly committed during that period, and is now lawfully restrained by the Air Force; appellant says that he was not a person "accompanying" the Armed Forces, that he is improperly detained and a writ of habeas corpus should issue. The chief matter of record bearing on this issue is a standardized civilian employment contract signed by appellant, with an organization described as "The Landing Strip Civilian Club," some provisions of which appear to suggest that appellant was "accompanying" the Armed Forces. Although the District Judge noted that these provisions "are not conclusive and cannot confer jurisdiction * * *,"[2] he nevertheless concluded that they adequately sustained the jurisdiction of the military.

We think the issue of such prime importance that it ought not to be finally determined upon these matters alone, taken "at face value,"[3] and without further proof. In the interest of justice, we think a final determination should rest, instead, upon a record which adequately discloses the actual relationship which existed between appellant and the Air Force during the relevant period.

We therefore reverse the order below insofar as it dismissed the petition for habeas corpus, and remand the cause for reconsideration by the District Court upon additional evidence furnished by the parties in further hearings on the issue of whether appellant was accompanying the Armed Forces. To expedite a final determination in this cause, our mandate will issue forthwith.

Reversed and remanded for further hearing and reconsideration in accordance with this opinion.

---

1. 64 Stat. 109 (1950), 50 U.S.C.A. § 552 (11).

2. Transcript of Record, p. 166.

