Glenn **WOODBURY** and Pearl Woodbury, Appellants,

v.

Alfred **CLERMONT** and Marguerite I. Clermont, Appellees.

No. 14782.

United States Court of Appeals Ninth Circuit.

Aug. 10, 1956.

Rehearing Denied Oct. 9, 1956.

Leif Erickson, Helena, Mont., William F. Shallenberger, D. A. Paddock, Missoula, Mont., for appellants.

Smith, Boone & Rimel, Missoula, Mont., for appellees.

Before MATHEWS, HEALY and FEE, Circuit Judges.

MATHEWS, Circuit Judge.

On May 2, 1953, at Stevensville, Montana, appellants, Glenn Woodbury and Pearl Woodbury, husband and wife, citizens of Montana, and appellees, Alfred Clermont and Marguerite I. Clermont, husband and wife, citizens of Canada, made and executed an agreement [1] whereby appellants agreed to sell and appellees agreed to purchase certain real property in Montana on the terms and conditions stated in the agreement, and appellants acknowledged receipt of $5,000 from appellees as a deposit and earnest money in part payment of the purchase price of the property. The terms and conditions stated in the agreement were, in part, as follows:

[1] The agreement was drawn by appellants' agent, Pat Hagarty. In it, appellants were usually referred to as Seller, but were also referred to as Glenn Woodbury, as Mr. Woodbury and as Woodbury. Appellees were usually referred to as Purchaser, but were also referred to as Alfred Clermont.

"It is hereby agreed that the total purchase price is the sum of Thirty-six Thousand Dollars ($36,000.00), payable as follows: The earnest money hereinabove receipted for in the sum of Five Thousand Dollars ($5,000.00) and the balance of the purchase price in the sum of Thirty-one Thousand Dollars ($31,000.00) to be paid as follows: * * * Payable in full to Mr. Woodbury [2] less about $20,000.00 mortgage to Bernhard Jannsen and the Federal Land Bank. Jannsen mortgage about $16,500.00 and $3,500.00 Federal Land Bank. Mortgage to Jannsen payable $1,000.00 a year at 3% and Federal Land Bank $140.00 twice a year. Balance to Woodbury [3] June 15, 1953.

"1. It is further agreed: Seller [4] shall at his expense furnish Purchaser [5] an abstract of title continued to a date subsequent hereto [6] showing merchantable title to the above described property vested in Seller, or in lieu thereof, at Seller's option, a title insurance policy insuring title thereto vested in Purchaser, free and clear of all liens and encumbrances, except mortgage to B. Jannsen $16,200.00 and Federal Land Bank, $3,563.98. * * *

"4. * * * if Seller's title is not merchantable or insurable and cannot be made so within a reasonable time after written notice containing statement of defects is delivered to Seller, then said earnest money herein receipted for shall be returned to the Purchaser on demand and all rights of Purchaser terminated unless Purchaser waives said defects and elects to purchase; * *"

The $5,000 mentioned in the agreement was paid by appellees to appellants on May 2, 1953. No other payment was made by appellees. Appellants retained the $5,000. However, instead of furnishing appellees the abstract or the policy required by paragraph 1 of the agreement, appellants, on June 18, 1953, furnished appellees an abstract showing that title to the property was vested in Bernhard Jannsen and Anna Jannsen and was subject to a lien in favor of the United States arising out of a contract between the United States and the Bitter Root Irrigation District. Thus the abstract showed that appellants had no title to the property, much less a merchantable or insurable title.

A written notice containing a statement of the title defects mentioned above was delivered by appellees to appellants on June 22, 1953. The defects were never remedied. Appellees did not waive the defects or elect to purchase the property notwithstanding the defects. Instead, appellees, on July 27, 1953, demanded of appellants a return of the $5,000 which appellees had paid appellants on May 2, 1953. That demand was not complied with.

On October 7, 1953, in the United States District Court for the District of Montana, appellees brought an action against appellants for $5,000, with interest and costs. Appellants moved to dismiss the action. The motion was denied. Thereafter appellants answered, trial by jury was waived, the action was tried without a jury, findings of fact and conclusions of law were stated, and a judgment was entered for appellees against appellants for $5,000, with interest and costs. This appeal is from that judgment.

Appellants' brief does not contain a specification of errors [7] denominated as

---

2. See footnote 1.

3. See footnote 1.

4. See footnote 1.

5. See footnote 1.

6. Meaning, obviously, a date subsequent to May 2, 1953.

7. Our Rule 18 (formerly Rule 20) provides:
   "1. Counsel for the appellant shall file with the clerk of this court 20 copies of a printed brief * * *
   "2. This brief shall contain * * *
   "(d) In all cases a specification of errors relied upon which shall be numbered

**134**

such. Instead, it contains four assignments of error.[8] The assignments will be treated as constituting a specification of errors.

■ Assignments 1 and 3 are that the District Court erred in refusing to dismiss the complaint. There was no motion to dismiss the complaint and no refusal to dismiss it. There was, as indicated above, a motion to dismiss the action. The stated ground of the motion was that the complaint failed to state a claim upon which relief could be granted. Actually, there was no such failure. The complaint stated, in substance, the facts stated in the first six paragraphs of this opinion. Thus it stated a claim upon which relief could be granted. Accordingly, and properly, the motion was denied.

■ Neither count of the complaint stated that appellees had paid or tendered or were ready, willing and able to pay the $31,000 mentioned in the agreement or any part thereof. That, however, is immaterial for the following reasons:

The agreement did not require appellees to pay the $31,000 or any part thereof until appellants furnished appellees the abstract or the policy required by paragraph 1 of the agreement. As indicated above, the complaint stated, in substance, that, instead of furnishing appellees the abstract or the policy required by paragraph 1, appellants, on June 18, 1953, furnished appellees an abstract showing that title to the property was

vested in Bernhard Jannsen and Anna Jannsen and was subject to a lien in favor of the United States arising out of a contract between the United States and the Bitter Root Irrigation District. It was therefore unnecessary to state that appellees had paid or tendered or were ready, willing and able to pay the $31,000 or any part thereof.

■ Standing alone, the first above quoted paragraph of the agreement—the paragraph ending with the phrase "Balance to Woodbury June 15, 1953"—might be taken to mean that about $11,000 ($31,000 less about $20,000) was to be paid by appellees on June 15, 1953. However, that paragraph did not stand alone. Reading it, as it must be read, with paragraphs 1 and 4 of the agreement, it is clear that appellees were not required to pay the $11,000 or any part thereof until appellants furnished appellees the abstract or the policy mentioned in paragraph 1.

■ Assignments 2 and 4 are that the District Court erred in entering judgment for appellees. These assignments present nothing for review.[9]

■ The evidence showed and the District Court found the facts to be as we have stated them. Upon these facts, the District Court correctly concluded that appellees were entitled to recover of appellants $5,000, with interest and costs.

Judgment affirmed.

and shall set out separately and particularly each error intended to be urged. * * * "

8. See Rule 75(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A.

9. McCarthy v. Ruddock, 9 Cir., 43 F.2d 976; American Surety Co. v. Fischer Warehouse Co., 9 Cir., 88 F.2d 536; Humphreys Gold Corp. v. Lewis, 9 Cir., 90 F.2d 896; United States v. Shingle, 9 Cir., 91 F.2d 85; United States v. Cushman, 9 Cir., 136 F.2d 815.