**Riece COZART, Gerald Garmait, and Mack Makarenko, Appellants,**

v.

**Charles E. WILSON, Secretary of Defense, and Charles S. Thomas, Secretary of the Navy, Appellees.**

**No. 13261.**

United States Court of Appeals District of Columbia Circuit.

Argued June 21, 1956.

Decided July 12, 1956.

Certiorari Granted, Judgment Vacated Nov. 5, 1956.

See 77 S.Ct. 126.

Mr. Emanuel Redfield, New York City, of the bar of the Court of Appeals of New York, pro hac vice, by special leave of Court, with whom Mr. Thomas C. Fisher, Washington, D. C., was on the brief, for appellants. Mr. H. William Tanaka, Washington, D. C., also entered an appearance for appellants.

Mr. Harold H. Greene, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll and Alfred Burka, Asst. U. S. Attys., were on the brief, for appellees.

Before EDGERTON, Chief Judge, and WILBUR K. MILLER and DANAHER, Circuit Judges.

EDGERTON, Chief Judge.

This is an appeal from a judgment dismissing a petition for a writ of habeas corpus and discharging a rule to show cause why the writ should not issue.

Petitioners are citizens of the United States and members of the armed services stationed in Japan. Petitioner Cozart is awaiting trial by a Japanese court for causing a death by negligent operation of an automobile. His enlistment has not expired, but he would normally have been rotated to the United States in January 1956. The other petitioners have been convicted, by a Japanese court, of rape, but are to be retried by a Japanese court, as Japanese law permits, because the prosecution is dissatisfied with the suspended sentences of two and three years that were imposed. The convicted petitioners are being kept in the Marine Corps, and in Japan, after their enlistments expired. All the petitioners are on active duty.

We agree with the District Court that it had jurisdiction of the petition for habeas corpus. We decided in Eisentrager v. Forrestal, 1949, 84 U.S. App.D.C. 396, 174 F.2d 961, that persons held by the United States Army in Germany could maintain habeas corpus proceedings in the District of Columbia. In that respect the Eisentrager case has not been overruled. The Supreme Court reversed our judgment, but on other grounds. Johnson v. Eisentrager, 1950, 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255. We afterwards assumed the presence of jurisdiction, in accordance with the Eisentrager principle, in Rubenstein v. Wilson, 1954, 94 U.S.App.D.C. 152, 212 F.2d 631. Since the petitioners are not at liberty to leave Japan, or to move about freely within Japan, they are sufficiently restrained for the purposes of habeas corpus. Lynch v. Hershey, 93 U.S.App.D.C. 177, 208 F.2d 523, is not to the contrary. That case involved a selective service registrant who had been ordered to report for induction but was not, as the present petitioners are, under actual military control.

In Kinsella v. Krueger, 76 S.Ct. 886, 891, the Supreme Court said, citing Schooner Exchange v. McFaddon, 7 Cranch 116, 136, 3 L.Ed. 287: " * * * under the principles of international law each nation has jurisdiction of the offenses committed within its own territory." Dicta in the Schooner Exchange case and other early cases suggested that these principles do not apply to members of our armed forces abroad, but these dicta are now entitled to no weight because they cannot be reconciled with the Court's opinion in the Krueger case. In Krueger the Court sustained a murder conviction by an American court-martial in Japan, but did so on the ground that Japan, at the time of the offense, had ceded to the United States jurisdiction of such offenses. Since Japan has not, either at the time of the offenses with which the present petitioners are charged or at any later time, ceded to the United States jurisdiction of these offenses, Japan has jurisdiction to try the petitioners and might hold them in jail pending trial. They do not and cannot complain because they are not so strictly confined. The petition for the writ of habeas corpus was rightly dismissed.

Affirmed.