John E. DAY, Jr., Appellant,

v.

Charles E. WILSON, Secretary of Defense, et al., Appellees.

No. 12476.

United States Court of Appeals District of Columbia Circuit.

Argued March 6, 1957.

Decided April 25, 1957.

---

Messrs. Harry E. Wood and Guy Emery, Washington, D. C., with whom Mr. Burr Tracy Ansell, Washington, D. C., was on the brief, for appellant.

Mr. Alfred Burka, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellees. Messrs. Leo A. Rover, U. S. Atty. at the time record was filed, and Alexander L. Stevas, Asst. U. S. Atty., also entered appearances for appellees.

Before EDGERTON, Chief Judge, and PRETTYMAN and FAHY, Circuit Judges.

EDGERTON, Chief Judge.

While appellant was a United States soldier in Korea, a general court martial convicted him of murder and sentenced him to death. The military reviewing authorities and the United States Court of Military Appeals affirmed. 2 U.S.C. M.A. 416. On June 30, 1954, the President of the United States, acting under Article 71(a) of the Uniform Code of Military Justice, 50 U.S.C.A. § 658(a), confirmed the sentence and ordered it executed.

On August 10, 1954, while appellant was confined in Japan, he filed a petition for a writ of habeas corpus in the United States District Court for the District of Columbia. That court issued an order to show cause. The respondents moved to dismiss the petition on two grounds: first, that the District Court was "without jurisdiction to issue the writ", because "the petitioner is imprisoned in Japan which is outside the territorial confines of the District of Columbia"; and second, that the petition "fails to state a basis upon which relief can be granted", because the proceedings against the petitioner were in full conformity with law.

On September 9, 1954, the District Court dismissed the petition. The court's order said: " * * * it appearing that the Court lacks jurisdiction to issue the Writ of Habeas Corpus it is by the Court this 9th day of September, 1954, Ordered, that the respondents' motion to dismiss be and it is hereby granted * * *." That the judge did not attempt to rule on respondents' second contention seems to us particularly clear, for he personally struck out the words "and it further appearing that the petition fails to state a basis upon which relief can be granted", which were in the proposed order when it was presented for his signature.[1] We think it irrelevant that the order of dismissal begins, as orders often do, by reciting the history of the case.[2]

The present appeal was filed October 8, 1954, but its prosecution was postponed. In the meantime appellant was returned to the United States, was confined at Fort Leavenworth, Kansas, and filed a petition for a writ of habeas corpus in the United States District

---

1. He authenticated with his initials the fact that this deletion was made by him.

2. "This cause having come on for consideration upon a petition for a writ of habeas corpus, the rule to show cause why a writ of habeas corpus should not issue, the respondents' motion to dismiss and evidentiary exhibits attached thereto, and oral argument having been had thereon in open Court, and it appearing that the Court lacks jurisdiction * *."

Court for the District of Kansas. The writ was issued, but was afterwards discharged, and the United States Court of Appeals for the Tenth Circuit affirmed the order discharging it. Day v. Davis, 235 F.2d 379, certiorari denied 352 U.S. 881, 77 S.Ct. 104, 1 L.Ed.2d 81, rehearing denied, 352 U.S. 913, 77 S.Ct. 152, 1 L.Ed.2d 120.

We think the United States District Court for the District of Columbia erred in dismissing, on the ground that it lacked jurisdiction, the petition the appellant had filed in that court. The petition asserted that in the court-martial proceedings which led to his sentence of death he was denied basic constitutional rights. The civil courts of the United States have jurisdiction to hear and determine such a claim. Burns v. Wilson, 346 U.S. 137, 139, 73 S.Ct. 1045, 97 L.Ed. 1508. The fact that the appellant was in Japan when his petition was filed here did not defeat the jurisdiction of the United States District Court for the District of Columbia. Cozart v. Wilson, 98 U.S.App.D.C. 437, 236 F.2d 132,[3] *vacated as moot*, 352 U.S. 884, 77 S.Ct. 126, 1 L.Ed.2d 82. We must therefore remand the case to that court for further proceedings. We do not suggest that these will necessarily require the presence of appellant. The court should of course give great weight to Day v. Davis, supra.

Remanded.

PRETTYMAN, Circuit Judge (dissenting).

The order of the District Court was, in pertinent part:

"This cause having come on for consideration upon a petition for a writ of habeas corpus, the rule to show cause why a writ of habeas corpus should not issue, the respondents' motion to dismiss and evidentiary exhibits attached thereto, and oral argument having been had thereon in open Court, and it appearing that the Court lacks jurisdiction to issue the Writ of Habeas Corpus it is by the Court this 9th day of September, 1954,

"Ordered, that the respondents' motion to dismiss be and it is hereby granted, that the order to show cause be discharged, and the petition be dismissed, * * *."

The "evidentiary exhibits" attached to the motion to dismiss included the order of the convening authority directing the trial and confinement, the record of the trial before the court-martial, the review by the Staff Judge Advocate, various motions ancillary to the proceeding, the pleadings, briefs and motions before and the decision of the Court of Military Appeals and its denial of a rehearing, correspondence between counsel, the brief filed for consideration of the President, the consequent letter of the Secretary of the Army, and the action of the President approving the conviction and sentence. In other words the District Court had before it the whole record of the military proceeding, from the charges, the trial, the various reviews, up to and including the proceedings before the Court of Military Appeals and the President of the United States. The court said that upon consideration of all that record it appeared the court lacked "jurisdiction to issue the Writ". I think it meant that upon the basis of the record it lacked power to issue the writ. It did not say it lacked jurisdiction to entertain the petition. It did not forthwith dismiss the petition, as it would have done if it had meant to hold that it lacked territorial jurisdiction to entertain the petition. On the contrary it considered the whole record of the military proceedings and upon that basis concluded it had no "jurisdiction" to issue a writ. And that is indubitably so. Perhaps the word "jurisdiction" might be considered inept; the court should have said "power". But what the court did is clear enough, and we often use "jurisdiction" to mean either power to entertain a complaint or power to enter a

---

3. Not decided until after the District Court made its ruling in the present case.

judgment. We say we have "jurisdiction to determine [our] jurisdiction", as the Supreme Court said in Land v. Dollar.[1] But "jurisdiction" ordinarily means power to enter judgment, as the cases collected by our late Chief Judge Stephens in his opinion in West Coast Exploration Co. v. McKay [2] clearly show.

The power of a civil court to issue a writ of *habeas corpus* in a military case is severely limited. The matter is of insurmountable practical difficulty, involving crimes committed all over the world. Moreover the lack of power is a lack of constitutional power. The Constitution itself specifically puts the regulation of the armed forces in the Congress,[3] and, when Congress has provided a court-martial procedure and its rules are followed, a civil court thereafter lacks constitutional power in the premises. The Supreme Court said in In re Yamashita [4] and repeated in part in Johnson v. Eisentrager: [5]

"The courts may inquire whether the detention complained of is within the authority of those detaining the petitioner. If the military tribunals have lawful authority to hear, decide and condemn, their action is not subject to judicial review merely because they have made a wrong decision on disputed facts. Correction of their errors of decision is not for the courts but for the military authorities which are alone authorized to review their decisions."

We went through all this in Burns v. Lovett,[6] and the Supreme Court, admonishing us against examining into the factual phases of these proceedings, affirmed our judgment.[7] In that case the Supreme Court said:

"The District Court dismissed the applications without hearing evidence, and without further review, after satisfying itself that the courts-martial which tried petitioners had jurisdiction over their persons at the time of the trial and jurisdiction over the crimes with which they were charged as well as jurisdiction to impose the sentences which petitioners received." [8]

The Supreme Court also said:

"We think that although the Court of Appeals may have erred in reweighing each item of relevant evidence in the trial record, it certainly did not err in holding that there was no need for a further hearing in the District Court." [9]

The narrow limit of civil court power in military matters is also spelled out in In re Grimley [10] and in Hiatt v. Brown.[11]

The papers now before us do not suggest any basis upon which the District Court had power or authority to issue a writ of *habeas corpus*. It correctly entertained the petition for the writ, reviewed the record of the military proceedings, and concluded it had no "jurisdiction" to issue the writ. No point within the compass of civil court jurisdiction is shown. Its judgment ought to be affirmed.

I might add that my position that the judgment of the District Court ought to be affirmed is made doubly certain, in

---

1. 1947, 330 U.S. 731, 739, 67 S.Ct. 1009, 1013, 91 L.Ed. 1209.

2. 1954, 93 U.S.App.D.C. 307, 213 F.2d 582, certiorari denied 1954, 347 U.S. 989, 74 S.Ct. 850, 98 L.Ed. 1123.

3. Art. I, § 8, cl. 14.

4. 1946, 327 U.S. 1, 8, 66 S.Ct. 340, 344, 90 L.Ed. 499.

5. 1950, 339 U.S. 763, 786, 70 S.Ct. 936, 94 L.Ed. 1255.

6. 1952, 91 U.S.App.D.C. 208, 202 F.2d 335.

7. Burns v. Wilson, 1953, 346 U.S. 137, 73 S.Ct. 1045, 97 L.Ed. 1508.

8. Id., 346 U.S. at pages 138–139, 73 S.Ct. at page 1047.

9. Id., 346 U.S. at page 146, 73 S.Ct. at page 1051.

10. 1890, 137 U.S. 147, 150, 11 S.Ct. 54, 34 L.Ed. 636.

11. 1950, 339 U.S. 103, 111, 70 S.Ct. 495, 94 L.Ed. 691.

my mind at least, by the fact that this appellant has already had one complete civil court consideration of his claim to *habeas corpus* in the Tenth Circuit.[12] The present proceeding is a second full-scale civil court review of his claim to error in the military proceeding.

12. Day v. Davis, 1956, 235 F.2d 379, certiorari denied 1956, 352 U.S. 881, 77 S.Ct. 104, 1 L.Ed.2d 81.