**John E. DAY, Jr., Petitioner,**

v.

**Charles E. WILSON, Secretary of Defense, et al., Respondents.**

**No. 71-54.**

United States District Court
District of Columbia.

Sept. 30, 1957.

Harry E. Wood, Guy Emery, Ansell & Ansell, Washington, D. C., for plaintiff.

Oliver Gasch, U. S. Atty., Alfred Burka, Asst. U. S. Atty., Washington, D. C., for defendant.

McGARRAGHY, District Judge.

This is a petition for a writ of habeas corpus filed by John E. Day, Jr., a resident of the District of Columbia and an enlisted member of the United States Army who, at the time of filing his petition, was detained under sentence of death imposed by a General Court-Martial convened in Korea October 1, 1951, for murder in violation of the 92nd Article of War and for assault with a deadly weapon with intent to do great bodily harm in violation of the 93rd Article of War.

The Court-Martial proceedings were approved by the convening authority and subsequently the conviction and sentence were affirmed by the Board of Review in the Office of the Judge Advocate General.

The United States Court of Military Appeals affirmed the decision of the Board of Review. United States v. Day, 2 USCMA 416, 9 CMR 46 (1953).

On June 30, 1954, the conviction and sentence were confirmed and ordered executed by the President of the United States acting under Article 71 of the Uniform Code of Military Justice, 50 U.S.C.A. § 658(a).

On August 10, 1954, the pending petition for a writ of habeas corpus was filed in this Court which, in subsequent proceedings and upon motion of the respondents, dismissed the petition for lack of jurisdiction. From the order of dismissal, an appeal was taken to the United States Court of Appeals for the District of Columbia Circuit, but prosecution of the appeal was postponed.

The petitioner was transferred by the Army to the United States Disciplinary Barracks at Ft. Leavenworth, Kansas, under the Court-Martial sentence of death and while there, he filed a petition for a writ of habeas corpus in the United States District Court for the District of Kansas. After a full hearing, that Court discharged the writ theretofore issued and remanded the petitioner to the custody of the Commandant of the Disciplinary Barracks. On appeal, that order was affirmed by the United States Court of Appeals for the Tenth Circuit. Day v. Davis, 235 F.2d 379. The Supreme Court denied certiorari, Day v. Davis, 352 U.S. 881, 77 S.Ct. 104, 1 L.Ed.2d 81, and denied a petition for rehearing. Day v. Davis, 352 U.S. 913, 77 S.Ct. 152, 1 L.Ed.2d 120.

Thereafter, the United States Court of Appeals for the District of Columbia Circuit, in ruling upon the postponed appeal from the order of this Court dismissing the petition filed here, held that this Court did have jurisdiction and remanded the case here for further proceedings. Day v. Wilson, 247 F.2d 60.

Upon remand to this Court, petitioner filed an amended petition in which, in addition to renewing his assertions that he had been denied basic constitutional rights, he asserted new grounds for relief alleging that the General Court-Martial which tried, convicted and sentenced him was without jurisdiction.

The contentions of the petitioner may be summarized as follows:

1. The General Court-Martial which tried, convicted and sentenced the petitioner was without jurisdiction.

2. The petitioner was denied the effective assistance of counsel in proceedings following his trial, and conviction and sentence to death.

3. The Court of Military Appeals in affirming the conviction and sentence of petitioner deprived him of due process of law and the equal protection of the laws in respect of the law officer's failure properly to instruct the Court.

4. The allegations of the petitioner as to the President's review of the proceedings are effective, if true, to void his approval thereof and render the continued detention of the petitioner by virtue thereof, unlawful.

### 1. The Jurisdictional Question

Petitioner alleges that the Staff Judge Advocate of the Eighth Army, without the knowledge of or without consulting the Commanding General of the Eighth Army, transferred Court-Martial jurisdiction over the petitioner from the Commanding General, Eighth Army, to the Commanding General, I Corps, who convened the General Court-Martial which tried, convicted and sentenced the petitioner; that this was a transfer of jurisdiction to a subordinate command not authoized by the Uniform Code of Military Justice; even if such transfer was authorized, the reason therefor must appear in the record and, further, assuming that the Commanding General, Eighth Army, had the power to transfer jurisdiction to his subordinate command, this was a judicial function which must be personally exercised by the Commanding General and not by the Staff Judge Advocate.

A careful review of the procedures followed establishes that the Court-Martial which tried the petitioner was legally constituted and the petitioner suffered no prejudice by the transfer of jurisdiction.

The affidavit of the Staff Judge Advocate of the Eighth Army in Korea at the time of the transfer makes clear that the action taken was solely in the interest of orderly procedures and the forwarding of the charges was a standing operating procedure within the Eighth Army designed to facilitate the orderly and expeditious administration of military justice. In this case the transfer was to a subordinate command but there can be no question as to the jursdiction of that command over such an offense.

There is nothing in the Uniform Code of Military Justice or the Manual for

Courts-Martial which negates such transfer of jurisdiction, and there is no showing that the petitioner was in any wise prejudiced.

Seoul, near which I Corps headquarters was located, was the situs of the alleged offenses and the location of several key witnesses, whereas the Eighth Army headquarters was located in Taegu which is about 175 miles southeast of Seoul.

No provision is found in the Uniform Code of Military Justice or in the Manual for Courts-Martial requiring that an accused be tried by a General Court-Martial convened by the command to which he or his unit is assigned or attached. As was stated in Wade v. Hunter, 336 U.S. 684, 692, 69 S.Ct. 834, 839, 93 L.Ed. 974:

> "At least, in the absence of charges of bad faith on the part of the Commanding General, courts should not attempt to review his on-the-spot decision that the tactical situation required transfer of the charges."

In this case there has been no charge or even suggestion of bad faith in the transfer of the petitioner.

With respect to petitioner's further contention that the transfer of jurisdiction was a judicial function which must be personally exercised, the Court is of the opinion that the decision was wholly an administrative function normally performed by a staff officer in accordance with standing operating procedure established by the Commanding General and as such, even if taken without his personal knowledge, was nevertheless his act. The Court is of the opinion that the General Court-Martial which tried, convicted and sentenced the petitioner had jurisdiction to do so.

### 2. Effective Assistance of Counsel

■ A review of the record conclusively establishes that the petitioner had competent counsel in every step of the proceeding both before his conviction and sentence and in all of the proceedings thereafter taken before the several reviewing bodies and every reasonable facility was afforded counsel in that representation.

### 3. The Claim of Petitioner That He Was Denied Due Process and Equal Protection of the Laws before the Court of Military Appeals.

■ This claim is based primarily upon the contention that the instructions of the law officer to the General Court-Martial were deficient in failing to include the lesser included offense of unpremeditated murder. The United States Court of Military Appeals passed upon this contention adversely to the petitioner. The instructions of the law officer were quoted and discussed at some length in Day v. Davis, supra, 235 F.2d commencing at page 385. The conclusion of the United States Court of Appeals for the Tenth Circuit was that "any deficiencies in the instructions are not of a character that presents a question open to review in habeas corpus."

The petitioner contends that the Court in Day v. Davis, supra, did not pass on the precise constitutional issue raised in the pending petition. Petitioner says he complains, not of error at the Court-Martial, but of "his singling out by the Court of Military Appeals for invidious treatment" and petitioner cites a number of decisions of that Court which he contends are inconsistent with the decision of the Court in sustaining the sufficiency of the charge in his case. He says he has thereby been denied due process of law in violation of the Fifth Amendment.

No authority is cited in support of the power of this Court to grant relief by habeas corpus because a decision of an appellate court is inconsistent with other of its decisions.

### 4. Petitioner's Claim That the Approval of the Conviction and Sentence by the President Is Unlawful.

■ Petitioner contends that Presidential review of a Court-Martial sentence extending to death is judicial requiring consideration of the entire record; that the President did not consider

the entire record of the proceedings but he did consider matters outside the record and he received advice from his counsel and from the Pardon Attorney, Department of Justice, without notice to the petitioner. Petitioner therefore contends that a consideration of such matters and advice from the Pardon Attorney constituted a violation of petitioner's rights under the Sixth Amendment and that he was deprived of his right of confrontation and legal representation.

In this case the petitioner's counsel did file a brief for consideration by the President. The petitioner has not cited any authority in support of his right to a personal appearance before the President. Article 71 of the United States Code of Military Justice, 50 U.S.C.A. § 658(a), dealing with sentences requiring Presidential approval, provides that "He shall approve the sentence or such part, amount, or commuted form of the sentence *as he sees fit* * * *." The record in this case contains a memorandum dated June 30, 1954 signed by the President as follows:

> "In the foregoing case of Private E-2 John E. Day, Jr. RA 13233886, 46th Transportation Truck Company, the sentence is approved and will be carried into execution under the orders of the Secretary of the Army."

The usual presumption of regularity attaches to this official action and presents no problem within the competence of this Court to review.

### Conclusion

The foregoing recital makes abundantly clear that the petitioner has been afforded every constitutional right. He was tried by a General Court-Martial under procedures established by Congress acting pursuant to the Constitution which puts the regulation of the armed forces in the Congress. His conviction was affirmed by the United States Court of Military Appeals which is the established tribunal to review proceedings of this character. Thereafter, his conviction and sentence were confirmed and ordered executed by the President of the United States.

Acting in accordance with the mandate of the United States Court of Appeals for the District of Columbia Circuit, the Court has carefully reviewed the entire record and finds no basis upon which the petitioner is entitled to release on the requested writ of habeas corpus. Therefore, the prayers of the amended petition will be denied and the petition dismissed.

Counsel for respondents will submit an order in accordance with the foregoing.