John D. DUNCAN, Petitioner,

v.

STATE OF MAINE, In Re Warden of the Maine State Prison, Allan L. Robbins, and The Warden of the United States Penitentiary, Alcatraz Island, California, et al., Respondents.

Civ. No. 7-4.

United States District Court
D. Maine, S. D.

May 16, 1961.

Motion for Rehearing Dismissed
June 9, 1961.

No appearances entered, the petition being ruled upon without hearing.

GIGNOUX, District Judge.

Upon consideration of the above-entitled petition for a writ of habeas corpus dated April 17, 1961 presented to me by John D. Duncan pursuant to 28 U.S. C. § 2242, the petition having been accompanied by an affidavit of poverty, in which the petitioner states that he is without funds and unable to pay the customary fees and costs as provided by law,

Leave is hereby granted John D. Duncan to proceed *in forma pauperis* on said petition, and the Clerk of this Court is hereby ordered to file said petition without payment of fees.

Petitioner is presently confined, under sentence of the Knox County, Maine Superior Court, as a prisoner in the United States Penitentiary at Alcatraz, California, where he is held pursuant to a contract between the State of Maine and the United States, executed under the authority of 18 U.S.C. § 5003 and R.S.Me. 1954, c. 27 § 32–A (1959 Supp.).

I find that I am without jurisdiction to entertain this petition for the following reasons:

 The power of this Court to grant writs of habeas corpus is conferred by 28 U.S.C. § 2241, which provides, *inter alia*, that writs of habeas corpus may be granted by the District Courts of the United States "within their respective jurisdictions." In Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 1444, 92 L.Ed. 1898 the United States Supreme Court specifically held that the phrase "within their respective jurisdictions" in this statute requires the physical presence of the prisoner within the territorial jurisdiction of the district court, and that "It is not sufficient * * that the jailer or custodian alone be found in the jurisdiction." 335 U.S. at page 190, 68 S.Ct. at page 1444. See Carbo v. United States, 1961, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed.2d 329 (dictum). Here petitioner is confined outside the territorial limits of the District of Maine, and consequently there is no jurisdiction in this Court under 28 U.S.C. § 2241 to issue the writ of habeas corpus as requested.

It is, therefore, ordered that the petition be dismissed and the writ denied.

On Motion for Rehearing and Application for Writ of Habeas Corpus ad Testificandum.

Petitioner has filed a motion for rehearing requesting the Court to reconsider its order dated May 16, 1961 dismissing his petition for a writ of habeas corpus. Accompanying the motion for rehearing is an application for a writ of habeas corpus ad testificandum.

Petitioner is presently confined, under sentence of the Knox County, Maine, Superior Court, as a prisoner in the United States Penitentiary at Alcatraz, California, where he is held pursuant to a contract between the State of Maine and the United States executed under the authority of 18 U.S.C. § 5003 and R.S.Me. (1954) c. 27, § 32–A (1959 Supp.). The order of dismissal of his petition for habeas corpus was on the ground that since petitioner is confined outside the territorial limits of the District of Maine, this Court lacks jurisdiction under 28 U.S.C. § 2241 to issue the writ of habeas corpus as requested. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. See Carbo v. United States, 1961, 364 U.S. 611, 81 S.Ct. 338, 5 L.Ed. 2d 329.

Petitioner's motion for rehearing presents no matter not fully considered by the Court in issuing its order of dismissal, but rather argues that the order was erroneous. Petitioner relies upon various authorities and arguments which he contends render the holding of Ahrens v. Clark, supra, inapplicable to his case.

The Court has reviewed the authorities and considered the arguments upon which petitioner relies and finds his position to be without substance for the following reasons:

The cases of Day v. Wilson, 1957, 101 U.S.App.D.C. 69, 247 F.2d 60 and Eisentrager v. Forrestal, 1949, 84 U.S.App.D. C. 396, 174 F.2d 961, reversed on other grounds, 1950, 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255, cited by petitioner, are in no way inconsistent with the order of dismissal, for each of these cases is concerned only with persons imprisoned without the United States, and their holdings are expressly limited to such situations, as indeed they must be in view of Ahrens v. Clark, supra. See Burns v. Wilson, 1953, 346 U.S. 137, 844, 73 S.Ct. 1045, 97 L.Ed. 1508; Id., 346 U.S. 844, 74

S.Ct. 3, 98 L.Ed. 363. Opinion of Frankfurter, J. Burns v. Welch, D.C.Cir.1947, 81 U.S.App.D.C. 384, 159 F.2d 29, also relied on by petitioner, has been overruled by Ahrens v. Clark, supra. McAffee v. Clemmer, 1948, 84 U.S.App.D.C. 57, 171 F.2d 131, certiorari denied, 1949, 337 U.S. 932, 69 S.Ct. 1485, 93 L.Ed. 1739.

This Court's order of dismissal does not deprive petitioner of a federal forum in which to present his federal constitutional grievances, for he is within the territorial jurisdiction of the U. S. District Court for the Northern District of California, which has already exercised its habeas corpus jurisdiction over petitioner in at least one reported case. See Duncan v. Madigan, 9 Cir., 1960, 278 F.2d 695, certiorari denied 1961, 81 S.Ct. 1096.

 Petitioner's accompanying application for a writ of habeas corpus ad testificandum must also be denied. The Court is fully aware that it would have jurisdiction to issue that writ extra-territorially in a proper case. See Carbo v. United States, supra. But there is no action pending in this Court at this time over which this Court properly has jurisdiction, in connection with which the writ of habeas corpus ad testificandum may issue. To suggest that the Court may issue this writ before an action is properly brought, and that thereby the Court may gain jurisdiction over the person of the petitioner, so that an action may then be brought, is ingenious, but completely lacking in merit. The suggestion argues too much and is wholly startling in its implications, for by such a boot-strap device a federal district court could gain personal jurisdiction of any prisoner anywhere in the United States in any type of action. Ahrens v. Clark, supra, is obviously to the contrary.

For the foregoing reasons, it is ordered that the motion for rehearing and the application for a writ of habeas corpus ad testificandum be, and they hereby are,.

Dismissed.