**Edward Allen MEAD, #32036, Appellant,**

v.

**Raymond W. MEIER, Warden, Appellee.**

**No. 71–1072.**

United States Court of Appeals,
Ninth Circuit.

Aug. 23, 1971.

Edward Allen Mead, in pro. per.

Stan Pitkin, U. S. Atty., Tacoma, Wash., for appellee.

Before HAMLEY, ELY and KILKEN-NY, Circuit Judges.

PER CURIAM:

Edward Allen Mead, in penal custody under a judgment of conviction of the State of Alaska, appeals from a district court judgment denying his application for a writ of habeas corpus. His prime ground for relief, as stated in his petition, is that under the circumstances of his state trial he was deprived of effective assistance of counsel as required by the Sixth and Fourteenth Amendments.

The district court denied the petition without a hearing on the ground that it was without jurisdiction. The court concluded that it was without jurisdiction because, although petitioner had

taken a state appeal from his conviction "* * * he has not shown that he has exhausted his available state remedies relating to state habeas corpus or post-conviction relief."

The decision in petitioner's state appeal is reported in Mead v. State, 445 P.2d 229 (Alas.1968). A good deal of this decision is devoted to Mead's contention, before the Alaska Supreme Court, that the state trial judge abused his discretion in denying Mead a continuance of the trial. But that court also discussed and rejected the same ineffective-assistance of counsel argument that Mead advances in his federal habeas petition. Thus the Supreme Court of Alaska said, at page 233:

"Closely allied to appellant's claim that a continuance should have been granted because appellant's counsel did not have time to adequately prepare for trial is appellant's further claim that he was denied his constitutional right to effective assistance of counsel guaranteed to him by the sixth amendment to the federal constitution.

"In our decision in Anderson v. State [438 P.2d 228] we held that one is not deprived of his constitutional right to the effective assistance of counsel unless it is clear on the whole record that the quality of representation at the trial rendered the trial a mockery or a farce.

"The record shows that appellant's trial counsel did little cross-examination of the state's witnesses, did little objecting to questioning asked of the state's witnesses by the prosecutor or to the introduction of other evidence, presented no opening or closing argument, and offered no jury instructions. But the state's evidence against appellant was of an overwhelming nature pointing to appellant's guilt, and we do not perceive anything that counsel might have done differently so that it could be said that his failure to do so resulted in appellant being deprived of a crucial defense. In reviewing the entire record we do not find that the quality of legal representation at the trial rendered the trial a mockery or a farce. Our study of the record leaves us with the impression that appellant in fact received a fair trial." (Footnotes omitted.)

 Once a habeas petitioner has presented his claim to the highest state court on direct appeal from his conviction, Section 2254(c) does not require, prior to obtaining federal habeas, that he "ask the state for collateral relief, based on the same evidence and issues already decided by direct review. * * *" Brown v. Allen, 344 U.S. 443, 447–448, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953). See Schiers v. California, 333 F.2d 173, 174 (9th Cir. 1964); Daugharty v. Gladden, 257 F.2d 750, 754 (9th Cir. 1958).

Reversed and remanded for further proceedings.