Edward Allen **MEAD,** Petitioner-
Appellant,

v.

Raymond W. **MEIER,** Respondent-
Appellee.

No. 26488.

United States Court of Appeals,
Ninth Circuit.

Sept. 17, 1971.

Edward Allen Mead, in pro. per.

Douglas B. Baily, U. S. Atty., G. Kent Edwards, Alaska Atty. Gen., Seaborn J. Buckalew, Jr., Dist. Atty., Anchorage, Alaska, for respondent-appellee.

Before JERTBERG, WRIGHT and CHOY, Circuit Judges.

PER CURIAM:

Before us is an appeal from an order of the United States District Court for the District of Alaska dismissing a petition for writ of habeas corpus filed in that court by appellant. The district court concluded it lacked jurisdiction and dismissed the petition without a hearing on the merits.

The petition asserts that appellant was denied his constitutional right to due process, including the effective assistance of counsel, as required by the Sixth and Fourteenth Amendments. Appellant named as respondent to his petition Raymond W. Meier, Warden of the United States Penitentiary at McNeil Island, State of Washington. Appellant is a prisoner by virtue of a judgment imposed in the State of Alaska, and is incarcerated in the United States Penitentiary, McNeil Island, Steilacoom, State of Washington, pursuant to an agreement between the State of Alaska and the United States Department of Justice.

In dismissing the petition the district court determined that appellant's petition did not meet the requirements of 28 U.S.C. § 2241(a), in that the phrase "within their respective jurisdictions" in § 2241 of Title 28 U.S.C.A. requires the presence of a prisoner within the territorial jurisdiction of a district court as a prerequisite to his filing for a writ of habeas corpus. The district court relied upon Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948) and Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968).

In Ahrens v. Clark, *supra*, the petitioners were one hundred twenty German Nationals held at Ellis Island, New York, for deportation under orders issued by the United States Attorney General. They filed their petition in the District of Columbia where their custodian resided. The Supreme Court held that the district court lacked jurisdiction since petitioners were restrained outside of its territorial jurisdiction. The Court held that Congress, by the phrase "within their respective jurisdictions" had intended to restrict the power of district courts to issue habeas corpus writs to cases in which the petitioner was within the territorial jurisdiction of the court at the time of filing the petition.

Ashley v. State of Washington, *supra,* held that a prisoner who was in the custody of officials from the State of Georgia and who had escaped from a Washington State prison could not bring a federal habeas corpus action in the United States District Court for the Western District of Washington. This Court stated, at page 126:

"Ashley says that he is attacking the Washington detainer, and that therefore the District of Washington is the proper court for his case. But Congress has conferred jurisdiction upon the United States District Courts to issue writs of habeas corpus 'within their respective jurisdictions.' (28 U.S.C. § 2241(a)). The Supreme Court has held that this means the district in which the petitioner is detained when the petition is filed. Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. Ashley is detained in Florida, not Washington."

In the instant case appellant is incarcerated in the State of Washington and not in the State of Alaska. Until the Supreme Court overrules Ahrens v. Clark, *supra,* or appropriate legislative changes are made by Congress, we consider ourselves bound by the holding in *Ahrens.*

Appellee, in his reply brief, sets forth another ground which he claims also compels affirmation of the district court's order dismissing appellant's petition. That ground is that the respondent named in appellant's petition is not within the personal jurisdiction of the District Court of Alaska but is, in fact, outside the territorial limits of that district and is, in fact, within the personal jurisdiction of the federal District Court for the Western District of Washington. Since the district court did not pass on this ground, we feel it unnecessary to discuss it except to call attention to the holding in Schlanger v. Seamans, Secretary of the Air Force, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971), which

appears to support the view advanced by appellee.

We note that there is pending in the United States District Court for the Western District of Washington, a petition for writ of habeas corpus filed by appellant against the same appellee as the one named in the instant case. See Mead v. Meier, 448 F.2d 1267 (9th Cir. 1971). It appears from the opinion filed that the district court dismissed appellant's petition for habeas corpus because it was without jurisdiction. This Court reversed and remanded that cause to the district court for further proceedings.

The order of the district court is affirmed.