**Gerard W. DILLON, Petitioner-Appellee,**

v.

**Colonel V. L. CHANDLER et al.,**
**Respondents-Appellants.**

**No. 26795.**

United States Court of Appeals,
Ninth Circuit.

Dec. 29, 1971.

Dennis J. Roberts, of Kennedy & Rhine, San Francisco, Cal., for respondents-appellants.

Dwayne Keyes, U. S. Atty., Richard W. Nichols, Asst. U. S. Atty., Sacramento, Cal., for petitioner-appellee.

Before CHAMBERS, DUNIWAY and TRASK, Circuit Judges.

PER CURIAM:

This appeal is by respondents-appellants, Colonel V. L. Chandler, General Stanley Larsen, Secretary of the Army Stanley Resor, and Secretary of Defense Melvin Laird (hereinafter collectively referred to as "respondents" or as the "United States"), from an order of the United States District Court for the Eastern District of California, granting a writ of habeas corpus to petitioner-appellee Army Second Lieutenant Gerard W. Dillon. The petitioner claimed a conscientious objector exemption. Colonel Chandler is the Commanding Officer of Travis Air Force Base, Fairfield, California. General Larsen is the Commanding Officer of the Sixth United States Army, stationed at the Presidio of San Francisco, California. Colonel Chandler is the only one of the respondents stationed in the Eastern District of California.

We reverse because the District Court for the Eastern District lacked jurisdiction to grant the writ. Petitioner is an Army officer who was stationed in Oklahoma. He had been ordered to attend artillery school there, and then, after a month's leave, to report to California for shipment to Vietnam. He filed an application for discharge as a conscientious objector in Oklahoma but it was denied at the conclusion of the administrative process. He then filed this action in the Eastern District of California.

Petitioner's orders, coupled with various Army directives introduced by the United States, establish clearly that no military officer in California obtained authority or command over him. More specifically, Colonel Chandler by affidavit attached as an exhibit to a motion to dismiss or for summary judgment, disclaimed any authority or control over petitioner. His sole obligation to the Army is to provide and maintain aircraft and terminal facilities for the launching and receiving of passenger-carrying flights bearing Army personnel. Army personnel are not within his custody or control or subject to his orders.

The legal question here was ruled on in Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). There, an Air Force serviceman stationed in Georgia, received permission to study in a program at Arizona State University. He sought habeas corpus relief in Arizona. The Supreme Court concluded that the Arizona District Court, lacking jurisdiction over petitioner's "custodian," lacked jurisdiction also to grant the writ.

"Hence even if we assume that petitioner is 'in custody' in Arizona in the sense that he is subject to military orders and control which act as a restraint on his freedom of movement (Jones v. Cunningham, 371 U.S. 236, 240 [83 S.Ct. 373, 375, 376, 9 L.Ed.2d 285]), the absence of his custodian is fatal to the jurisdiction of the Arizona District Court. Cf. [United States ex rel.] Rudick v. Laird [2d Cir.] 412 F.2d 16, 21.

"Had petitioner, at the time of the filing of the petition, been under the command of the Air Force officer assigned as liaison officer at Arizona State to supervise the Education and Commissioning Program, we would have a different question." Schlanger

v. Seamans, *supra* at 491–492, 91 S.Ct. at 998.

Since the writ of the District Court for the Eastern District of California could not be directed to petitioner's custodians, i. e., his commanding officer in Oklahoma or his commander in Vietnam, the court lacked jurisdiction. Personal jurisdiction over Colonel Chandler who was not a custodian within the meaning of *Schlanger*, was not sufficient.[1]

The judgment is reversed and the court is directed to dismiss the petition.

---

1. We also observe that 28 U.S.C. § 1391 (e) does not alter this conclusion. *See* Schlanger v. Seamans, 401 U.S. 487, 490 n. 4, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971).