**Jeffrey G. KINNELL, Petitioner,**

v.

**John WARNER, Secretary of the Navy, et al., Respondents.**

**Civ. No. 72–3693.**

United States District Court,
D. Hawaii.

Feb. 23, 1973.

780

Michael R. Sherwood, Hart, Sherwood, Leavitt, Blanchfield & Hall, Honolulu, Hawaii, for petitioner.

Robert K. Fukuda, U. S. Atty., Jon T. Miho, Asst. U. S. Atty., Honolulu, Hawaii, for respondents.

## MEMORANDUM DECISION ON ORDER DENYING RESPONDENTS' MOTION TO DISMISS

PENCE, Chief Judge.

Petitioner, a member of the United States Navy, is now on the South China Seas aboard the aircraft carrier U.S.S. Enterprise, and was so located on November 22, 1972 when he filed a petition for writ of habeas corpus in this court. On December 1, 1972, the government moved for dismissal, maintaining that petitioner must be physically present within the territorial jurisdiction of Hawaii before this court can have jurisdiction to entertain, on its merits, petitioner's habeas corpus application.

28 U.S.C. § 2241(a) provides that federal courts may grant habeas corpus "within their respective jurisdictions." The Court in Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948), held that the District Court for the District of Columbia did not have jurisdiction to entertain habeas corpus petitions filed by petitioners being held at Ellis Island, New York, declaring that:

"the words 'within their respective jurisdictions' limit the district courts

to inquiries into the causes of restraints of liberty of those confined or restrained within the territorial jurisdiction of those courts." 335 U.S. at 190, 68 S.Ct. at 1444.

The Court of Appeals for the Ninth Circuit, following Ahrens, held in Mead v. Meier, 449 F.2d 732 (9 Cir. 1971), that the District Court of Alaska did not have jurisdiction over a petitioner for habeas corpus who was then imprisoned in Washington State.

The instant case does not, however, fall into the factual context of either Ahrens or Mead. In those cases, as both courts noted, each petitioner was in fact actually present within the geographic boundaries of some other United States district, albeit not the one in which he filed. Thus the physical presence requirement of Ahrens and Mead did not in fact operate to deprive either petitioner of access to a federal court within the territorial district of which the petitioner for the writ of habeas corpus was then physically present, but rather only required that he seek it in the appropriate court. In contrast, petitioner here is outside the physical, geographic boundaries of the United States and hence is not physically present *within* any federal judicial district. To apply a rigid and inflexible physical presence requirement in such a situation would be to deny all Americans outside the physical boundaries of a United States judicial district access to the Great Writ. Recognizing this problem, the Ahrens Court explicitly reserved and did not rule upon the question which is now before this court, i. e., the question of proper process when a habeas corpus petitioner is not within the territory of *any* United States district court.[1]

■ Significantly on point, Mr. Justice Douglas, who wrote the Ahrens opinion, in Hirota v. MacArthur, General of the Army, 338 U.S. 197, 201–202, 69 S.Ct. 197, 93 L.Ed. 1902 (1949) (concurrence), stated that the broad language

of Ahrens could not be applied to bar a petitioner held in custody beyond the boundaries of the United States from seeking the writ of habeas corpus. This court, therefore, now holds that here, petitioner's physical absence from the territorial jurisdiction of this district court does not per se bar this court's jurisdiction over his petition.

■ As repeatedly held by the Court of Appeals for the District of Columbia, the Constitution confers a substantive right to habeas corpus which cannot be denied by an omission in a federal jurisdictional statute, and any such construction should, if possible, be avoided. E. g., Eisentrager v. Forrestal, 84 U.S.App.D.C. 396, 174 F.2d 961 (1949), rev'd on other grds. sub nom, Johnson v. Eisentrager, 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255 (1950); Day v. Wilson, 101 U.S.App.D.C. 69, 247 F.2d 60 (1957); Cozart v. Wilson, 98 U.S. App.D.C. 437, 236 F.2d 732, vacated as moot, 352 U.S. 884, 77 S.Ct. 126, 1 L.Ed. 2d 82 (1956). It is well settled that the physical presence of a petitioner within a judicial district is not an absolute jurisdictional prerequisite, but rather a requirement which can give way to considerations of fairness and basic convenience. Jurisdiction has been found to exist where petitioner's absence is occasioned by a post-filing involuntary removal. Ex parte Endo, 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944); Smith v. Campbell, 450 F.2d 829 (9 Cir. 1971); Bishop v. Medical Superintendent of Ionia State Hospital, 377 F.2d 467 (6 Cir. 1967); Harris v. Ciccone, 417 F.2d 479 (8 Cir. 1969), cert. denied, 397 U.S. 1078, 90 S.Ct. 1528, 25 L.Ed.2d 813 (1970). Of similar import are those cases finding jurisdiction when a petitioner incarcerated outside the district seeks habeas corpus to challenge convictions underlying a detainer filed by a state encompassed within the forum of another federal district. Meadows v. New York, 426 F.2d 1176 (2 Cir. 1970),

---

1. 335 U.S. at 192 n. 4, 68 S.Ct. 1443. *See also* Johnson v. Eisentrager, 339 U.S.

763, 790, 70 S.Ct. 936, 94 L.Ed. 1255 (1950), limiting *Ahrens* to its facts.

cert. denied, 401 U.S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971); Word v. North Carolina, 406 F.2d 352 (4 Cir. 1969).

■ Notwithstanding these holdings that petitioner's physical absence from the district is not a jurisdictional barrier, this court nevertheless would be without jurisdiction unless a custodian of the petitioner was physically present within the boundaries of this district. Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). As pointed out by Justice Rehnquist, in dissent, in Strait v. Laird, 406 U.S. 341, 346, 92 S.Ct. 1693, 32 L.Ed.2d 141 (1971), the concept of "custodian" is a broad one and jurisdiction may be found in even the constructive presence of such a custodian. Not dissimilar to *Schlanger* is the present factual issue of custodial presence. This petitioner is a member of the armed forces of the United States. In the military context of this case, a custodian is one with "authority or command" over petitioner. Dillon v. Chandler, 452 F.2d 1081 (9 Cir. 1971). Anyone in the "chain of command" with control over petitioner's whereabouts is that petitioner's proper custodian for habeas purposes. The presence of the commanding officer having "ultimate administrative responsibility for . . . [petitioner's] disposition" is not an absolute prerequisite. Meck v. Commanding Officer, 452 F.2d 758 (3 Cir. 1971).[2]

■ The government here has conceded that a respondent—Admiral Clarey, Commander of the Pacific Fleet—is present within the territorial limits of this court, and in petitioner's chain of command, with authority to control his whereabouts. Accordingly, this court possesses jurisdiction to entertain Kinnell's petition on its merits.

This court is aware that in Boag v. Craven, No. 72–1341 (decided Feb. 1, 1973), the panel of the Ninth Circuit said:

Whatever the rule is in other circuits, the Ninth Circuit is firmly committed to the concept that territorial jurisdiction of a District Court in habeas proceedings demands the situs of the res of habeas corpus, that is, the actual presence of both the custodian and his petitioning charge, to be within the territory of the district. Here neither were present within the Arizona District.

*Boag,* as well as the cases cited therein in support of the above statement, were of the same factual context as *Ahrens* and *Mead, supra.* If the panel's statement is to be given its literal interpretation by all courts, it would be impossible for Kinnell to get relief—anywhere in the United States.

It appears that the attention of the panel was not drawn to George v. Nelson, 410 F.2d 1179 (9 Cir. 1969), in which Judge Hamley, writing for the panel of Hamley, Hamlin, and Koelsch, in a case almost on all fours with *Boag,* stated:

As observed by the Fourth Circuit in Word v. North Carolina, 406 F.2d 352, this rule of *Ahrens* has been departed from in the case of applicants resident outside of the United States, and perhaps in certain other exceptional circumstances. 410 F.2d at 1181, note 4.

Neither was the court's attention, apparently, called to the statement in Ex Parte Endo, *supra:*

There are expressions in some of the cases which indicate that the place of confinement must be within the court's territorial jurisdiction in order to enable it to issue the writ. See In re Boles, *supra* [8 Cir., 48 F. 75] p. 76; Ex parte Gouyet, *supra* [D.C., 175 F. 230]; United States v. Day, *supra* [3 Cir., 50 F.2d 816]; United States v. Schlotfeldt, *supra* [7 Cir., 136 F.2d 935]. But we are of the view that the court may act if there is a respondent within reach of its process who has custody of the petitioner. As Judge Cooley stated in In

2. *See also Schlanger, supra,* 401 U.S. at 487–489, 91 S.Ct. 995, where controlling jurisdictional question apparently was whether there was within the district a respondent in chain of command.

the Matter of Jackson, 15 Mich. 417, 439, 440:

The important fact to be observed in regard to the mode of procedure upon this writ is, that it is directed to, and served upon, not the person confined, but his jailer. It does not reach the former except through the latter. The officer or person who serves it does not unbar the prison doors, and set the prisoner free, but the court relieves him by compelling the oppressor to release his constraint. The whole force of the writ is spent upon the respondent;" 323 U.S. at 306, 65 S.Ct. at 220.

This court can only conclude that the panel inadvertently threw too wide a loop and that *Boag* stands actually for no more than did *Ahrens* or *Mead*, discussed *supra*.

Respondents' motion to dismiss is denied.[3]

---

3. After this decision was filed, on February 28, 1973 the U. S. Supreme Court in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973), held that a district court had jurisdiction to entertain a habeas corpus petition where a detainer filed by a state within the forum of the district court was challenged by a prisoner incarcerated in another state, i. e., outside the forum. *Boag* was perforce thereby overruled, and the conclusion reached by this court reinforced.